PEOPLE ex rel. BROADWAY IMPROVEMENT CO. v. BARKER et al., Commissioners.

(Supreme Court, Appellate Division, First Department. February 19, 1897.)

1. TAX ASSESSMENT—REVIEW—GROUNDS.
  The right to review an assessment for taxation is confined to the grounds of illegality and overvaluation.
2. SAME—OVERVALUATION—PETITION—NECESSARY AVERMENTS.
  A petition for review of an assessment sufficiently states that the ground of objection is overvaluation where it avers that property was assessed at a certain sum "more than is in accordance with the marketable value thereof"; and it need not aver that the property had been assessed at a sum in excess of the amount at which under ordinary circumstances it would sell.

Appeal from special term, New York county.

Certiorari by the Broadway Improvement Company against Edward P. Barker and others, commissioners of taxes and assessments of the city of New York, to review an assessment on real property for the year 1896. From an order quashing the writ, and from a judgment thereon, relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

George H. Yeaman, for appellant.
James M. Ward, for respondents.

PATTERSON, J. This is an appeal from an order at the special term quashing a writ of certiorari obtained by the relator to review the action of the commissioners of taxes and assessments of the city and county of New York in assessing for taxation certain real estate of the relator situate in the city of New York. The writ was dismissed, upon the ground that the relator did not present to the court, by its petition, such facts as would authorize a review of the action of the commissioners; nor to the commissioners, on the original application to them, such facts as would require at their hands a reduction of the amount at which they assessed the real estate

for the purposes of taxation. It was decided in the case of People
v. Coleman that in the city and county of New York the right to
review an assessment for purposes of taxation is confined to the
grounds of illegality and overvaluation. The case is reported in 4
N. Y. Supp. 417, where the opinion of the referee, adopted by the
court at general term, is given in full.

Upon an examination of the record before us, we think it clearly
appears both in the petition and in the notice given to the com-
missioners of taxes and assessments that the relator objected to the
assessed valuation, as fixed by the commissioners, on the ground of
overvaluation, and that it asked for a hearing by the commissioners
upon that specific ground, and thus brought itself within the pro-
vision of the statute which entitled it to be heard by the commis-
sioners.

It is contended by the respondent that sufficient notice of the dis-
tinct ground upon which the assessment was objected to was not
given, because there was a failure to state that the property had
been assessed at a sum in excess of the amount at which under or-
dinary circumstances the real estate would sell. That claim is al-
together unfounded. The exact phraseology that "the sum for which
said property under ordinary circumstances would sell" is not used
in the notice nor in the petition, but there is no requirement of law
that any particular phrase or set form of words should be used by
a taxpayer in objecting to an excessive assessment. If it is made
distinctly to appear that overvaluation is the ground of his objec-
tion, it is immaterial in what language that objection is expressed.
In this case the words used by the relator in the notice to the tax
commissioners and in the petition are the full and exact equivalent of
the phrase which the respondent claims should have been used by
the relator. The notification is that the property was assessed at
$210,000 more than is in accordance with the marketable value there-
of. That is a simple statement of the claim that the assessment is
$210,000 in excess of the price at which the property would ordinarily
sell, for the test of the price at which property will ordinarily sell is
the market value, and the two phrases are interchangeable. The
right of the relator to have the assessment reviewed is not to be taken
away from him upon so narrow a construction, and one that is with-
out even technical merit.

The order appealed from must be reversed, with costs, and the mat-
ter remitted to the special term, in order that it may be heard upon
the merits. All concur.

SPERO v. SCHULTZ.

(Supreme Court, Appellate Division, First Department. February 19, 1897.)

VENDOR AND PURCHASER—SPECIFIC PERFORMANCE.
 Specific performance of a contract to purchase a "house and lot" will not be
ordered where the house has but three walls, the beams being inserted on the
fourth side in a wall on the lot of an adjoining owner, though the vendor has a
prescriptive right to the use of the wall for that purpose. Ingraham and
Williams, JJ., dissenting.