(39 Misc. Rep. 463.)

PEOPLE ex rel. EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN
v. FEITNER et al., Tax Com'rs.

(Supreme Court, Special Term, New York County. December, 1902.)

1. CERTIORARI—TAX ASSESSMENT—WAIVER OF OBJECTIONS.
    A corporation claiming to be aggrieved by the assessment of its real estate applied in writing to the tax commissioners of New York under Laws 1897, c. 378, § 895, for its reduction. The application undertook to allege that the assessment was illegal for overvaluation and irregularity. The allegation as to irregularity was insufficient as a basis for action by the commissioner. The petition for certiorari under Laws 1896, c. 908, made no allegation as to irregularity. *Held*, that such objection was waived.

2. SAME—REVIEW.
    Certiorari brings up for review only the objections to an assessment made before the tax commissioners.

3. SAME—STATEMENT.
    A statement in an application for certiorari to review a tax assessment stated that the relator's real estate had been assessed at a valuation of $905,000, whereas, in accordance with its market value, it should not have been assessed at more than $500,000. *Held* not an allegation of overvaluation as a fact, but a mere opinion of one not shown to be qualified as an expert in regard to such overvaluation.

4. SAME—REFERENCE.
    Statement on application for certiorari that real estate in relator's judgment should not have been assessed above a certain sum does not allege such overvaluation as a fact, so as to raise a question of fact within Laws 1896, c. 908, § 253, so that testimony is necessary for its proper disposition requiring a reference to determine such fact.

5. SAME.
   An application for certiorari to review an assessment for an under-
   ground electrical conduit, alleging that much of the system had been
   in the ground for many years, and was worth a part of its original value,
   with no statement as to how much of the system had been underground,
   or what its original value was, or what part of its original value remained,
   was insufficient to show an overvaluation.

Certiorari by the people, on the relation of the Edison Electric
Illuminating Company of Brooklyn, against Thomas L. Feitner and
others, commissioners of taxes, to review an assessment of the re-
lator's underground conduit system.   Motion for reference.   Denied.

Sheehan & Collin (John L. Wells, of counsel), for relator.

George L. Rives, Corp. Counsel (George S. Coleman and Curtis.
A. Peters, of counsel), for respondents.

SCOTT, J.   This is an application to review by certiorari the
assessment as real estate, for the purposes of taxation, of the relator's
underground conduit system.   The relator moves for a reference to
take testimony, and the respondents move to dismiss the writ.   The
relator, as required by the charter, made written application to the
respondents for a reduction of the assessment.   That application un-
dertook to allege that the assessment was illegal, both on account
of overvaluation and irregularity.   The allegation as to irregularity
was not stated in the application in such form as to constitute a basis
for action by the commissioners, and in its petition for the writ of
certiorari the relator makes no claim of irregularity.   That objection
to the assessment is, therefore, to be deemed waived.   People v.
Tierney, 57 Hun, 357, 10 N. Y. Supp. 940.   This leaves to be con-
sidered only the allegation as to overvaluation.   Under section 805
of the Greater New York charter of 1897, which was in force when
this assessment was made, a person feeling aggrieved by the assessed
valuation of his real estate was required to make an application
for the correction of the assessment in writing, stating the ground
of objection thereto.   The writ of certiorari is essentially a writ
of review, and its function in matters of taxation is to review the
action or refusal to act of the tax commissioners.   Consequently,
no objections are brought up for review, except such as were pre-
sented to the commissioners upon the application for correction.   In
re Winegard, 78 Hun, 58, 28 N. Y. Supp. 1039; People v. Neff, 15
App. Div. 8, 44 N. Y. Supp. 46.   The objection to the assessment
cannot, therefore, be expanded by the petition for the writ.   In the
present case the application to the commissioners is attached to the
petition, and, by reference, made a part of it.   The question presented
by the motion and countermotion is whether or not the objection
made to the assessment as contained in the application for correction
addressed to the commissioners is sufficient to call for the taking of
evidence.   Under section 253 of the general tax law the granting of
an application to take evidence is not a matter addressed to the dis-
cretion of the court, but is a substantial right if issues of fact are raised
by the petition and the return, the issuable allegations of the petition be-
ing those which were contained in the application to the commissioners.
People ex rel. Thomson v. Feitner, 168 N. Y. 441, 457, 61 N. E. 763.

If it should appear that the facts stated in the application for correction, if taken as true, are not sufficient to establish the overvaluation, no issue is presented requiring evidence to be taken, although the commissioners in their return may, for greater caution, have undertaken to answer or deny some or all of the allegations, since the denial of an immaterial allegation cannot raise an issue which must be tried. What is a sufficient allegation of overvaluation to raise a question requiring the taking of evidence has been much discussed. In People v. Barker, 14 App. Div. 412, 43 N. Y. Supp. 1015, the allegation was positively made that the property was assessed at $210,000 more than was in accordance with the marketable value thereof. This was held to be equivalent to an allegation that the assessment was $210,000 in excess of the price at which the property would ordinarily sell, and was accordingly considered a sufficient allegation of overvaluation. In People ex rel. Bronx Gas & Electric Co. v. Feitner, 43 App. Div. 198, 59 N. Y. Supp. 327, the allegation was that the property was assessed at $89,000, instead of $14,644, which was the full value, and at more than it would sell for under ordinary circumstances, and this allegation was deemed sufficient. In People ex rel. Sutphen v. Feitner, 45 App. Div. 542, 61 N. Y. Supp. 432, the relator used the precise language used by the relator in the present case, alleging that his property had been assessed at $145,000, whereas the same should not have been, in his judgment, valued at more than $69,000 to be in accordance with the market value thereof. He then alleged that the property had not increased in market value since 1895, and had been assessed in 1895 at $57,000, being increased to $69,000 in 1896; but he did not show that the property in those years had been assessed at its true market value. These allegations were held to be insufficient to raise any issue of fact, since the relator had merely made a claim of overvaluation, and had stated no facts upon which the claim was based. From these cases the rule may be deduced that, in order to warrant the taking of evidence, the applicant must state facts from which, if taken to be true, it can be seen that the property has been overvalued. Since the petition and return in a tax certiorari are construed and treated as the pleadings in an action, the relator may either allege the overvaluation as a matter of fact, as was done in People v. Barker, supra, and in People ex rel. Bronx Gas & Electric Co. v. Feitner, supra, or may set forth a claim of overvaluation supported by the averment of particular facts to sustain the claim, as was done in People ex rel. Thomson v. Feitner, supra. In the present case the relator's application was as follows: "It finds that the same [its real estate] has been assessed on the assessment roll of 1899 at a valuation of $905,000, whereas the same should not have been, in its judgment, valued at more than $500,000, to be   *   *   * in accordance with the fair marketable value thereof." This, as will be seen, is the precise language which was held to be insufficient in People ex rel. Sutphen v. Feitner, supra. It does not allege overvaluation as a fact, but merely states that in the opinion of relator (meaning, no doubt, the opinion of the officer who signed the application) the property is assessed beyond its marketable value. It is a mere expression of opinion, and not a statement of fact, and is not

even evidence of the fact, because it nowhere appears that the person expressing the opinion is qualified to do so. The application then went on to state certain facts, intended, no doubt, to support the claim of overvaluation, but which are insufficient to do so. It stated that the entire system had been deteriorated and damaged by the action of stray electric currents, causing electrolysis; but it did not state what had been the value of the system before it had been damaged, or how much the damage had been. Non constat but that even in its damaged and deteriorated condition the system might be worth all it had been valued at. The relator further alleged that much of its system had been in the ground for many years, and was worth but a part of its original value, and at the present cost price of similar material is much less than it was when said system was put in. But there was no statement as to how much of the system had been in the ground for many years, or what its original value was, or what part of its original value had remained, or what was the cost of the material when the system was put in, or how much less the cost of similar material is now. So that, if all the facts alleged in support of the relator's claim or opinion of overvaluation were to be taken as true, there would still be nothing upon which to base a presumption that the valuation fixed by the respondents was excessive, for, notwithstanding all the deterioration in value claimed, the property might well be worth what it is assessed at. The motion for a reference must be denied, and the writ dismissed, with costs.

Motion denied, and writ dismissed, with costs.