PEOPLE ex rel. BROOKLYN UNION EL. R. CO. v. KNIGHT, State Comptroller. (Supreme Court, Appellate Division, Third Department. June 30, 1903.) Proceeding by the people of the state of New York, on the relation of the Brooklyn Union Elevated Railroad Company, against Erastus C. Knight, as Comptroller of the State of New York. No opinion. Determination of the Comptroller confirmed, with $50 costs and disbursements.

PEOPLE ex rel. COIT v. WHEELER et al. (Supreme Court, Appellate Division, Fourth Department. July 7, 1903.) Proceeding by the people of the state of New York, on the relation of Frank S. Coit, against Charles B. Wheeler and others. No opinion. Appeal dismissed, without costs, upon stipulation.

PEOPLE ex rel. CONEY ISLAND & G. RY. CO. v. KNIGHT, State Comptroller. (Supreme Court, Appellate Division, Third Department. June 30, 1903.) Proceeding by the people of the state of New York, on the relation of the Concy Island & Gravesend Railway Company, against Erastus C. Knight, as Comptroller of the State of New York. No opinion. Determination of the Comptroller confirmed, with $50 costs and disbursements.

PEOPLE ex rel. EASTMANS CO. v. MORGAN, Comptroller. (Supreme Court, Appellate Division, Third Department. June 30, 1903.) Proceeding by the people of the state of New York, on the relation of the Eastmans Company of New York, against William J. Morgan, as Comptroller, etc.

PER CURIAM. Determination of the Comptroller confirmed, with $50 costs and disbursements.

PARKER, P. J., dissents.

PEOPLE ex rel. EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN, Appellant, v. FEITNER et al., Com'rs, Respondents. (Supreme Court, Appellate Division, First Department. July 7, 1903.) Certiorari by the people, on the relation of Edison Electric Illuminating Company of Brooklyn, against Thomas L. Feitner and others, as commissioners of taxes and assessments. From an order quashing the writ (80 N. Y. Supp. 140), relator appeals. Reversed. Charles A. Collin, for appellant. George S. Coleman, for respondent.

HATCH, J. There is not only a division in this court upon the question presented by this appeal, but the opinions and decisions which have been delivered from time to time respecting the subject-matter are not easy of reconciliation, either in this court or in the Court of Appeals. I am not able to see any substantial difference between the application of the appellant to the commissioners of taxes and assessments for a reduction of its assessment in this case and the application which was considered in the Broadway Improvement Company Case, 14 App. Div. 412, 43 N. Y. Supp. 1015, and in People ex rel. Sutphen v. Feitner, 45 App. Div. 542, 61 N. Y. Supp. 432. The doctrine of the last case, however, was applied in

People ex rel. Zollikoffer v. Feitner, 63 App. Div. 615, 72 N. Y. Supp. 1124, and this case upon appeal to the Court of Appeals was affirmed without opinion. 168 N. Y. 674, 61 N. E. 1133. The distinction between the application in the Zollikoffer Case and in the Sutphen Case is not apparent; and, as the Court of Appeals affirmed the holding in the former case, it would seem to follow that the Sutphen Case was correctly decided. Such was the view of this court, as expressed in People ex rel. Greenwood v. Feitner, 77 App. Div. 428, 79 N. Y. Supp. 309. In People ex rel. Bronx Gas Co. v. Feitner, 43 App. Div. 198, 59 N. Y. Supp. 327, the application was held to be good, although its terms were scarcely broader than in the Sutphen Case. It was in one aspect, however, distinguishable therefrom, as is pointed out in the opinion in the latter case, and also by the learned court below in its decision in the present case. In People ex rel. Broadway Realty Co. v. Feitner, 61 App. Div. 156, 70 N. Y. Supp. 452, the application is in substance, and almost in language, like the application in the present case. Therein this court held that such application was sufficiently broad to present to the commissioners the questions of overvaluation and inequality. Upon appeal to the Court of Appeals, the order was affirmed on the prevailing opinion delivered in this court. 168 N. Y. 661, 61 N. E. 1132. The question, therefore, presented by this appeal, is no longer one of construction of the statute and of the application thereunder, but has become one of authority. As the last decision of the Court of Appeals, involving the question now before us, upheld and sustained the application as being sufficient to raise the questions of overvaluation and inequality of the assessment, we must now hold that the present application, which is in substance the same as was considered in the last decision, is also sufficient in statement. It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and that a rehearing be had under the writ.

O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents.

PEOPLE ex rel. GRAY v. BOARD OF SUP'RS OF LIVINGSTON COUNTY. (Supreme Court, Appellate Division, Fourth Department. October 2, 1903.) Proceeding by the people of the state of New York, on the relation of William H. Gray, against the board of supervisors of Livingston county. No opinion. Motion to dismiss appeal granted, with $10 costs, unless the appellant within 10 days files and serves the printed papers on appeal, in which event the motion is denied, without costs, and the cause is ordered on the present calendar to be argued, at the option of the respondent, upon the motion day of the third week of present term.