PEOPLE ex rel. BOEHM v. WELLS.

(Supreme Court, Special Term, New York County. December, 17, 1903.)

TAXATION—APPLICATION FOR REDUCTION OF ASSESSMENT—SUFFICIENCY—CER-
TIORARI.

Where an application to the tax commissioners for reduction of an
assessment does not show an overvaluation in comparison with real estate
in the same county, but merely attempts to show it valued at a higher
rate in proportion to its actual value than certain other pieces of prop-
erty in the same block or in the immediate vicinity, and in some cases
the real value of such other property is not stated, there is no proper
foundation for an inquiry by certiorari into the alleged inequality of
assessment.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 894.]

Certiorari by the people, on the relation of one Boehm, to review
an assessment for taxation. Order for reference to try question of
overvaluation.

Hoge & Humphrey (Theodore F. Humphrey, of counsel), for relator.

George L. Rives, Corp. Counsel (George S. Coleman and E. Crosby
Kindleberger, of counsel), for the tax commissioners.

SCOTT, J. According to the latest views of the Appellate Divi-
sion as to the requirements of an application to the tax commission-
ers for the reduction of assessments, the application upon which
this proceeding is founded must be held to have been sufficient to
require a hearing as to whether or not the property is overvalued.
People ex rel. Edison Elec. Illum. Co. v. Feitner, 86 App. Div. 46,
83 N. Y. Supp. 1114. The application is not, however, in my opin-
ion, sufficiently broad to raise any issue as to inequality of assess-
ment. The decision above cited was based upon the affirmance by
the Court of Appeals of the order of this court in People ex rel.
Broadway Realty Co. v. Feitner, 61 App. Div. 156, 70 N. Y. Supp.
452, 168 N. Y. 661, 61 N. E. 1132, in which the application to the
tax commissioners was upheld as sufficient to raise issues both as
to overvaluation and inequality. That application was much broad-
er than the one in the present case, and undertook to show that the
property involved had been assessed at a higher proportionate rate
than the other real estate in the same county taken collectively. It
was held in People v. Carter, 109 N. Y. 576, 17 N. E. 222, that, in
order to justify a claim of inequality, a petitioner must show a
state of facts from which a presumption justly arises that the in-
equality of which he complains will subject him to the payment
of more than his just proportion of the aggregate tax, and that this
presumption does not arise by proof that in a particular instance
other property, even if contiguous, is assessed at a proportionately
lower valuation than his own. In the application now under ex-
amination the petitioners made no attempt to show that their prop-
erty had been overvalued in comparison with real estate generally
in the same county, but contented themselves with attempting to
show that it had been valued at a higher rate, in proportion to its
actual value, than certain other specified pieces of property upon
the same block, or in the same immediate vicinity; and in most

cases, even as to these specified pieces, while they state the assessed value, they wholly omit to state the real value. In my opinion, the relators have failed to lay a proper foundation for any inquiry into the alleged inequality of assessment, but under the latest expressed opinion of the Appellate Division they are entitled to a reference to try out the question of overvaluation.

Settle order on notice.