PEOPLE ex rel. LONG ISLAND R. R. Co., Relator, *v.* STATE BOARD OF TAX COMMISSIONERS and THE CITY OF NEW YORK, Respondents.

(Supreme Court, Kings Special Term, July, 1918.)

Certiorari— writ of, to review  action of state tax commissioners, in assessing special franchises — evidence — waiver.

Where the state tax commissioners in their notice of assess-ment of relator's special franchise of maintaining and operating its railroad across various streets and highways in the boroughs of Brooklyn and Queens did not give a separate assessment

for each crossing but bunched the crossings together in larger or smaller groups, assessing a certain sum as the value of each group, and did not advise relator how much was assessed for tangible and how much for the intangible privilege of using the crossings, the commissioners cannot be heard to object that the protest or complaint of relator on grievance day is equally general, and relator, assuming that in general the law requires particular facts to be presented, had a sufficient excuse for not presenting them in order to sustain its charge of overvaluation.

Upon certiorari to review the action of the state commission in assessing such special franchises the relator is entitled to have considered evidence offered as to overvaluation and inequality.

That the state board of tax commissioners did not before filing returns move to quash the writ of certiorari is a waiver of any defect in the petitions.

CERTIORARI proceedings.

Joseph F. Keany (Alfred A. Gardner, of counsel), for relator.

Merton E. Lewis, attorney-general (Martin Saxe and Charles R. McSparren, of counsel), for the state board of tax commissioners.

William P. Burr, corporation counsel (Addison B. Scoville, assistant corporation counsel), for the city of New York, intervenor.

BENEDICT, J.   Eight proceedings are pending before me upon writs of certiorari to review the action of the state board of tax commissioners in assessing special franchises of the relator for the years 1908 to 1914, inclusive, and 1917.

The facts in each case were stipulated and the stipulations offered in evidence in lieu of the evidence which would otherwise have been required, subject to the objection on the part of the defendants that the relator

was not entitled to offer any evidence at all because of the insufficiency in each case of its complaint or protest presented to the state board of tax commissioners on grievance day, and because of the failure in each case of the petition to allege issuable facts. I understand that the defendants concede that in case the relator is entitled to give evidence of the stipulated facts, then it is entitled to certain reductions in the assessments. The only question, therefore, which I am required to decide is whether or not the proceedings of the relator have been such as to permit the offering of evidence as to the stipulated facts.

The special franchises, the assessment of which relator seeks to have reviewed, are the rights and privileges of maintaining and operating its railroad across various streets and highways in the boroughs of Brooklyn and Queens. The several grounds upon which it is claimed that the assessments are erroneous are (1) overvaluation, (2) inequality, (3) prior occupation by relator of certain crossings, and (4) that the assessments in certain cases include the value of bridges carrying highways over the railroad. The last two grounds are claimed by relator to come under the head of overvaluation. The defendants contend that the protests or complaints filed on grievance day did not state the several grounds of objection above mentioned at all, or stated them in such general terms and in such a perfunctory manner as not to afford a basis for the maintenance of these proceedings.

In its complaints relating to the assessments of 1908, for example, the relator objected " that the assessment of its property is excessive and erroneous by reason of overvaluation, and that it is unequal in comparison with the assessments made on similar property, similarly situated." It is added that the relator " is unable to point out specific instances of inequality

because of the refusal of the state board of tax commissioners to allow it to inspect the roles (sic) and ascertain what similar property, similarly situated, has been assessed at.'' Defendants claim that facts showing overvaluation and inequality rather than mere averments of conclusions of facts should have been set forth. They rely upon a number of authorities, among which may be mentioned *People ex rel. Zollikoffer* v. *Feitner,* 34 Misc. Rep. 299; affd., 63 App. Div. 615; affd., 168 N. Y. 674; *People ex rel. Sutphen* v. *Fowler,* 45 App. Div. 542, affg. 27 Misc. Rep. 384; *People ex rel. Cord Meyer Co.* v. *Feitner,* 39 id. 468, and *People ex rel. Greenwood* v. *Feitner,* 77 App. Div. 428. The authority of these cases and others like them has, however, been somewhat impaired, to say the least, if they have not been wholly superseded, by the case of *People ex rel. Edison Electric Illuminating Co.* v. *Feitner,* 86 App. Div. 46; affd., 178 N. Y. 577. See also *Matter of City of New York,* 117 App. Div. 811.

If, however, we accept as a correct statement of the law the remarks of Beekman, J., at Special Term in *People ex rel. Sutphen* v. *Fowler, supra,* which are quoted with approval in the brief of the attorney-general in the instant case, I think that this case is one in which the discretion of the court to take evidence as recognized by Justice Beekman, should be exercised. It was on account of the '' inexcusable '' failure of the relator in that case properly to submit his case to the commissioners that he was denied the opportunity to present evidence, and the special infirmity in his complaint was that he did not explicitly state the market value of the property, which consisted of a number of unimproved lots. In the instant case the property is of a wholly different nature. Not only has it no market value, but its nature is such that

any effort to ascertain its intrinsic value, apart from the value of the land occupied by the crossing and the physical value of the structures, must necessarily involve mere guess work or at least the application of arbitrary rules. Furthermore the state board of tax commissioners in their notice of assessment sent to the relator did not give a separate assessment for each crossing, but bunched the crossings together in larger or smaller groups, assigning a certain sum as the value of each group, and did not advise relator how much was assessed for tangible and how much for the intangible privilege of using the crossings. If the state board of tax commissioners chooses to put out its assessments in this general form, it cannot be heard to object that the protests or complaints of the property owners are equally general. I think that this is a case where the relator had a sufficient excuse for not presenting particular facts to sustain its charge of overvaluation, assuming that in general the law requires particular facts to be presented. To hold otherwise would be to leave the property owner at the mercy of the state board of tax commissioners, remediless to correct any assessment of a special franchise that board might choose to make, however arbitrary or unjust; for without some knowledge of the items going to make up a general assessment of the nature of those here under consideration no man could state facts to show overvaluation. I think it was unnecessary in view of the peculiar nature of the property and the very general terms of the assessment, even to state the amounts at which the relator claimed the properties should have been assessed.

In the case of ordinary property the situation is entirely different. It is always possible to state some amount as the market value of a definite parcel of real property, and to substantiate the claim by the

affidavits of experts. In case of an individual or a corporation assessed for a definite sum for personal property, it is always possible to ascertain and to state with reasonable certainty the present market value of such property belonging to the individual or corporation so assessed. The various cases relied on by the defendants were cases involving assessments of one kind or the other.

With respect to the matter of prior occupations, the relator could have specified in its complaint to the board the crossings of which it claimed prior occupation, and in those cases where it did not do this the evidence of prior occupation is stricken out, with an exception in each instance to relator.

With respect to claims for reduction for bridges carrying highways across the tracks, there was no way in which the relator could have known (except in case of the assessment of 1917) whether or not the value of such bridges had been included.

I think, therefore, that it is entitled to have considered the evidence offered on that feature of the case, and in view of the general nature of the assessments, already adverted to, I think this element may be considered under the head of overvaluation.

With respect to the question of inequality, I think the relator had a similar excuse for not presenting facts and instances. In the ordinary case of an assessment of real property the assessment roll or annual record of assessed valuations is open for inspection for a certain period, and any property owner can easily ascertain whether his property has been assessed at a proportionately higher amount than other property similarly situated, and, if so, he can give specific instances. But here, the relator was, by the action of the state board of tax commissioners, cut off from any information of this kind, and the

board cannot, therefore, be heard to object on the ground that specific instances are not given.

The objections to the sufficiency of the petitions are met by the fact that the state board of tax commissioners did not before filing returns move to quash the writs, but filed returns thereto, thus waiving any defects in the petitions. *People ex rel. New York & Rockaway Beach R. R. Co.* v. *Tax Commissioners,* 157 App. Div. 496; affd. on opinion below, 209 N. Y. 599.

The defendants' motions made at the trial to quash the writs and dismiss the proceedings are severally denied, with an exception to the defendants in each instance. The defendants' motions to strike out evidence are also severally denied, except as above indicated, with an exception to the defendants in each instance.

I understand that the ascertainment of the reductions to which, under the above rulings, the relator is entitled is a mere matter of computation. Doubtless the parties can agree upon the figures. If not, the court will appoint a referee to make the computations.

Ordered accordingly.