THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE LONG ISLAND RAILROAD COMPANY, Appellant, Respondent, *v.* STATE BOARD OF TAX COMMISSIONERS and the CITY OF NEW YORK, Respondents, Appellants.

Second Department, July 27, 1920.

Taxation — assessment of special franchises of railroad at crossings — certiorari to review — petition — sufficiency where reduction asked on ground of overvaluation and inequality — waiver of requirements of statute — railroad crossings occupied before highway laid out — relief denied where relator fails to point out such crossings — assessment of special franchise as to such crossings not void.

A petition for a writ of certiorari to review assessments for taxation of special franchises must conform " so far as practicable " with the require-

298  PEOPLE EX REL. L. I. R. R. CO. *v.* STATE BD. TAX COMRS.

Second Department, July, 1920.  [Vol. 193.

ments of the statute for the review of assessments for local taxation in the different tax districts; strict conformity with the statute in proceedings to review assessments of special franchises is not required.

A complaint made to the tax commissioners on grievance day and a petition for a writ of certiorari to review the assessment of special franchises of a railroad at highway or street crossings on the ground of overvaluation of the tangible property, which assert overvaluations generally, are sufficient, where the assessment for each crossing is not separately stated; the complaint and petition complied with the statute so far as practicable and this is all that the law requires.

The same rule applies to the claim for reduction for bridges carrying highways across the tracks, for there was no way in which the relator could have known whether or not the value of such bridges had been included, or, if so, the amount thereof.

A petition for a writ of certiorari to review the assessment of special franchises on the ground of inequality in the assessment, which alleges merely that the assessment is unequal in comparison with the assessments made on similar property appearing in the assessment roll, is not sufficient, for section 250 of chapter 908 of the Laws of 1896 (now Tax Law, § 290) requires specifically that instances of inequality be stated, and the extent thereof, and that the relator is or will be injured by such unequal assessment.

There was no waiver of the requirements of the statute where the petition and writ were accepted merely as initiating a proceeding seeking to have the whole assessment declared illegal, and the return to the writ was made to meet that issue.

While certain crossings which the relator occupied before the highway was laid out were not subject to assessment, relief was properly denied to the relator, as it failed to point out either in the complaint before the tax board or in the petition for the writ, the crossings over which it had prior occupancy.

The tax commissioners in assessing a special franchise on crossings which the relator occupied before the highway was laid out were acting within their jurisdiction, and the assessment as to such crossings was not void, and, therefore, the steps which the law prescribed as a condition to correcting a valid assessment should have been taken by the relator.

CROSS-APPEALS by the State Board of Tax Commissioners and the City of New York, as intervenor, on the one side, and the relator, the Long Island Railroad Company, on the other, from a final order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 12th day of July, 1919, which reduced the assessment upon special franchises of the relator in the boroughs of Kings and Queens in the city of New York for the year 1908.

The State Board of Tax Commissioners and the city of New York claim that the protests of the relator on grievance day, and the petition for the writ were so fatally defective for non-compliance with the requirements of the statute that the court was without power to receive evidence or grant relief. The relator in its appeal claims that the court erred in refusing to allow to it the amount assessed for certain special franchises in street crossings which were not subject to tax, because of prior occupancy by the railroad company.

*Alfred A. Gardner* [*Joseph F. Keany* with him on the brief], for the relator, appellant.

*Martin Saxe* [*Charles D. Newton, Attorney-General,* and *Charles R. McSparren* with him on the brief], for the appellant State Board of Tax Commissioners.

*William H. King* [*John P. O'Brien, Corporation Counsel, Eugene Fay* and *Paul F. Lorzer* with him on the brief], for the intervenor, appellant.

BLACKMAR, J.:

The statutes of the State have provided a method for the review by certiorari of assessments for taxation, but have prescribed certain conditions which must be complied with by the relator to entitle it to the writ. The requirements relate to the form of the complaint made to the Commissioners on grievance day and to the form of the petition to the court for the writ. Many decisions have been rendered regarding the statutory requirements as to the form of the complaint and petition. They are difficult to reconcile; but fortunately for me it is not necessary to do so for the purposes of this case.

These statutory provisions when enacted applied to assessments for local taxation in the different tax districts. Special franchise taxation was not then known. When, however, the system of taxation of special franchises was adopted, these requirements were made applicable to proceedings to review assessments therein only " *so far as practicable.*" (Laws of

300 PEOPLE EX REL. L. I. R. R. CO. *v.* STATE BD. TAX COMRS.

Second Department, July, 1920.          [Vol. 193.

1899, chap. 712, §§ 44, 45;* Laws of 1896, chap. 908, §§ 36, 250.) This is equivalent to a legislative declaration that it may not be practicable to require strict conformity to the statute in proceedings to review assessments of special franchises. The concrete question in this case is, therefore, whether the relator has met these requirements " so far as practicable."

The requirements are· that the complaint on grievance day shall specify the respect in which the assessment complained of is incorrect (Laws of 1896, chap. 908, § 36; now Tax Law, § 37†), and that the petition for the writ, if the claim is illegality, shall specify the grounds; if erroneous by reason of overvaluation, the extent of such overvaluation; if unequal, the instances in which such inequality exists, the extent thereof, and stating that he is or will be injured thereby. (Laws of 1896, chap. 908, § 250; now Tax Law, § 290.†)

This proceeding concerns the assessment for the year 1908. Apparently when the complaint was made the legality of the whole assessment was attacked, and the petition for the writ tendered that issue. The decision of the Court of Appeals in *People ex rel. N. Y. C. & H. R. R. Co.* v. *Woodbury* (203 N. Y. 167) finally affirmed the legality of the assessment; and, a general allegation of overvaluation and inequality having been found in the petition, the proceeding was brought to trial in 1918.

I am of opinion that on the subject of overvaluation the complaint and petition complied with the statute " so far as practicable."

The defendants did not give the assessment for each crossing separately, but in bulk for certain groups. They were justified in this course by *People ex rel. N. Y. C. & H. R. R. Co.* v. *Gourley* (198 N. Y. 486), although that case decides squarely that each street crossing is a separate franchise. But the result

---

* See Tax Law (Gen. Laws, chap. 24; Laws of 1896, chap. 908), §§ 44, 45, added by Laws of 1899, chap. 712, as respectively amd. by Laws of 1906, chap. 458, and Laws of 1900, chap. 254; now Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62), § 45a, as added by Laws of 1916, chap. 334; since amd. by Laws of 1920, chap. 648; Tax Law, § 46, as amd. by Laws of 1918, chap. 278.— [REP.

† Amd. by Laws of 1916, chap. 323.— [REP.

was that the relator did not know until the return to the writ the amount of the assessment on each special franchise, nor how much was due to the valuation of the tangible property and how much to the intangible right. It is obvious that it is practically impossible to review the valuation of the intangible right. Such right has no market value. The conditions surrounding each crossing are different. The net earnings rule, so useful in certain cases (*People ex rel. Third Ave. R. R. Co.* v. *Tax Comrs.*, 212 N. Y. 472), is not applicable, for it is impossible to say what portion of a railroad's income is earned by crossing public highways. The application tables annexed to the return which show the method employed by the board indicate also the difficulties attending a review. The relator did not seek to challenge the valuation of the intangible right; but its complaint, which both the defendant and the intervenor concede to be well taken, related to the valuation of the tangible property which is part of the special franchise. The relator, however, did not know what that valuation was, either when it made its protest or when it presented the petition for the writ. The relator could not, therefore, specify in its complaint the respect in which the assessment complained of was incorrect as to valuation. It is difficult to see how it could do more than to assert over-valuations generally, and this is what it did. Neither could it, without knowing what the valuation was, state in its petition for the writ the extent of such overvaluation. The protest and petition complied with the statute so far as was practicable, and this is all that the law required. This was, I think, in substance what the learned justice at Special Term decided. (See 104 Misc. Rep. 234.)

The same reasoning applies to the claim for reduction for bridges carrying highways across the tracks, for there was no way in which the relator could have known whether or not the value of such bridges has been included, or, if so, the amount thereof; and this element, as the learned justice properly said, may be considered under the head of over-valuation.

I cannot think, however, that the petition was sufficient to present the issue of inequality. The observance of the requirements of section 250 of chapter 908 of the Laws of 1896 seems

to me entirely practicable. The relator claimed, as it was developed on the trial, that it was assessed at full value, whereas other real property was assessed at eighty-nine per cent of its real value. If so, the relator pays more than its fair proportion of taxes and is injured by the inequality. The requirement of the statute is that when the claim is that the assessment is unequal in that it has been made at a higher proportionate valuation than the assessment of other property on the same roll by the same officers, the petition must specify the instances in which such inequality exists, and the extent thereof, and state that the petitioner is or will be injured thereby. I appreciate the difficulty of meeting the requirement that instances of inequality be stated, where the real question is, not whether there are such instances, many or few, but whether the assessment is so unequal with the general average of assessment of the tax district that the relator is compelled to pay more than its fair share, and thus is injured. But certainly it was as practicable in this case as in any to specify instances, and it was certainly practicable to state the extent of the inequality and the conclusion that the relator is injured. There is nothing in the petition but the statement in substance that the assessment is unequal in comparison with the assessments made by the said board on similar property appearing in the assessment roll, and also with the assessment on other real estate in the boroughs of Brooklyn and Queens in the city of New York. This does not satisfy the statute. Nor was there a waiver of such requirements. The petition and writ were accepted as initiating a proceeding seeking to have the whole assessment declared illegal, and the return was made to meet that issue. There is nothing to indicate an intent to waive a compliance with the statute necessary to present any other claim.

The relator claims that certain of the crossings which it occupied before the highway was laid out were not subject to assessment. This claim is correct (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury, supra*), but the learned justice at Special Term denied relief in this respect on account of insufficiency of the petition. It was unquestionably practicable for the petitioner to point out, both in the complaint

before the board and the petition, the crossings over which it had prior occupancy; and its failure to do so justified the court in withholding relief in this respect. The claim of relator that such assessments were without jurisdiction, and that, therefore, the steps which the law prescribed as a condition to correcting a valid assessment were unnecessary, cannot be sustained. The Commissioners were not acting without jurisdiction. They had general jurisdiction over the subject of assessment of special franchises. Whether certain street crossings were subject to assessment or not depended on ascertainment of the facts as to prior occupancy. They had in the first instance power to determine these facts, and their act in including the crossings of which the relator had prior occupancy was not an act void because beyond their jurisdiction, but was error which could be corrected only in the manner provided by law for reviewing the assessment.

The final order is modified by increasing the assessment by adding thereto the amount deducted by order of the court for inequality, and as modified affirmed, without costs.

JENKS, P. J., MILLS, PUTNAM and JAYCOX, JJ., concur.

Final order modified by increasing the assessment by adding thereto the amount deducted by order of the court for inequality, and as modified affirmed, without costs. Settle order before Mr. Justice BLACKMAR.