THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK CENTRAL RAILROAD COMPANY, Appellant, against STATE TAX COMMISSION, Respondent, and CITY OF ALBANY, Intervener, Respondent.

Argued January 3, 1944; decided March 2, 1944.

*Frank J. Mahony, Frederick L. Wheeler* and *Clive C. Handy* for appellant. I. The Appellate Division erred in holding that relator's privilege of operating its railroad across the Hudson

river on bridges of the Hudson River Bridge Company at Albany is derived from the State and not from the bridge company. (*People ex rel. Grand Trunk Ry. Co.* v. *Gilchrist*, 248 N. Y. 97; *Silliman* v. *Hudson River Br. Co.*, 4 Blatchf. 74; *Nicoll* v. *N. Y. & E. R. R. Co.*, 12 N. Y. 121; *Calvary Presbyterian Church* v. *Putnam*, 249 N. Y. 111; *Hudson River Tel. Co.* v. *Watervliet Turnpike & Ry. Co.*, 135 N. Y. 393; *Underhill* v. *Saratoga & W. R. R. Co.*, 20 Barb. 445; *People* v. *Kerr*, 27 N. Y. 188; *Lake Superior & Miss. R. R. Co.* v. *U. S.*, 93 U. S. 442; *People ex rel. Interborough R. T. Co.* v. *State Tax Commrs.*, 126 App. Div. 610, 195 N. Y. 618; *Sands* v. *Manistee River Imp. Co.*, 123 U. S. 288; *Reading R. R. Co.* v. *Pennsylvania*, 15 Wall. 232.) II. The Appellate Division erred in holding the relator's petition defective in alleging the illegality of the Van Woert Street assessments. (*People ex rel. Denney* v. *Clark*, 257 App. Div. 905; *People ex rel. N. Y. City Omnibus Corp.* v. *Miller*, 282 N. Y. 5; *Matter of Corwin*, 135 N. Y. 245; *People ex rel. L. I. R. R. Co.* v. *Tax Comrs.*, 231 N. Y. 221; *People ex rel. N. Y. & R. B. Ry. Co.* v. *Tax Comrs.*, 157 App. Div. 496, 209 N. Y. 599; *People ex rel. Empire Mortgage Co.* v. *Cantor*, 190 App. Div. 512; *Matter of City of New York* v. *Sloat*, 116 App. Div. 815; *People ex rel. Colgate Inn, Inc.*, v. *Assessors*, 132 Misc. 506; *People ex rel. Erie R. R. Co.* v. *Tax Comm.*, 246 N. Y. 322; *People ex rel. C. M. Ins. Co.* v. *Commissioners*, 144 N. Y. 483; *People ex rel. N. Y. & R. B. Ry. Co.* v. *Tax Comrs.*, 157 App. Div. 496, 209 N. Y. 599; *Clark* v. *Kirby*, 243 N. Y. 295.) III. The Appellate Division erred in holding that the Watervliet Avenue and Tivoli Street assessments presented a question of overvaluation rather than an issue of jurisdiction. (*Nat. Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49; *Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87; *Matter of Wadhams*, 249 App. Div. 271; *People ex rel. Bear Mt. H. R. B. Co.* v. *Dimond*, 126 Misc. 239, 222 App. Div. 756; *People ex rel. Erie R. R. Co.* v. *Tax Comm.*, 246 N. Y. 322; *People ex rel. Barron* v. *Knapp*, 208 App. Div. 127, 239 N. Y. 581.)

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd* and *Ruth K. Toch* of counsel), for State Tax Commission, respondent, and *James J. McGuiness, Corporation Counsel,* for City of Albany, intervener, respondent. I. The Railroad crosses the Hudson River on the bridges of the Hudson River Bridge Com-

pany by virtue of a grant from the State, as the Appellate Division held. (*People ex rel. Barron* v. *Knapp*, 208 App. Div. 127, 239 N. Y. 581; *District of Columbia* v. *B. & P. Railroad Co.*, 114 U. S. 453; *County Commissioners* v. *Chandler*, 96 U. S. 205; *Washer* v. *Bullitt County*, 110 U. S. 558; *Pittsburgh & W. E. P. Ry.* v. *Point Bridge Co.*, 165 Penn. 37; *Schwab* v. *Whitmore, Rauber & Vicinus Co., Inc.*, 245 App. Div. 174; *Gibert* v. *Peteler*, 38 N. Y. 165; *Union Pacific Co.* v. *Mason City Co.*, 199 U. S. 160; *Railway Co.* v. *Alling*, 99 U. S. 463; *McClare* v. *Mass. Bonding & Ins. Co.*, 266 N. Y. 371; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Tax Commrs.*, 179 App. Div. 489, 222 N. Y. 542.) II. The railroad occupies a portion of Watervliet Avenue which was part of a public road prior to the construction of the railroad. It is subject to a special franchise assessment for such occupancy. III. Because of the railroad's failure to raise the issue of the Van Woert Street assessment, that issue is not in the case for determination. (*People* v. *Commissioners of Taxes & Assessments*, 26 N. Y. S. 941; *People ex rel. Commercial Mut. Ins. Co.* v. *Coleman*, 30 N. Y. S. 379; *People ex rel. L. V. R. Co.* v. *City of Buffalo*, 57 Misc. 10; *People ex rel. L. I. R. R. Co.* v. *Tax Comrs.*, 231 N. Y. 221; *People ex rel. Dexter S. P. & P. Co.* v. *Hughes*, 246 N. Y. 35; *Columbia Overseas Corp.* v. *B. N. Ultramarino*, 198 App. Div. 699; *Gerdes* v. *Reynolds*, 281 N. Y. 180; *Union Trust Co.* v. *Main & South Sts. Holding Corp.*, 245 App. Div. 369; *People ex rel. C. M. Ins. Co.* v. *Commissioners*, 144 N. Y. 483.) IV. The special franchises in the main line track and side tracks in Tivoli Street were properly assessed against the railroad. (*People ex rel. Barron* v. *Knapp*, 208 App. Div. 127, 239 N. Y. 581; *City of New York* v. *Bryan*, 196 N. Y. 158; *Hatfield* v. *Straus*, 189 N. Y. 208.) V. Respondents admit that there was included in the assessments of the Tivoli Street occupation, the value of tangible property situated wholly outside the boundaries of the public street. A special franchise includes nothing but what is in the street. (*People ex rel. Met. St. Ry. Co.* v. *Tax Comrs.*, 174 N. Y. 417.)

DESMOND, J. In this consolidated proceeding relator reviews, by writs of certiorari, six special franchise assessments made by the State Tax Commission, all pertaining to occupations by relator's railroad of highways within the city of Albany.

The order entered on the referee's decision vacated all the assessments. The Appellate Division reversed the referee's order and confirmed all the assessments as made by the Tax Commission. It will be convenient to divide our discussion into four parts.

1. Relator operates its railroad across the Hudson River on two bridges owned by the Hudson River Bridge Company; the tracks, rails, ties and signal equipment on both bridges are owned by relator. The Appellate Division held valid the assessments pertaining to these bridges, on the theory that the railroad's rights to cross these bridges with its trains came to the railroad by grants from the State of New York, such grants having been made in the form of provisos found in the two statutes under which the Hudson River Bridge Company received from the State its franchises to build the bridges. (See L. 1856, ch. 146, par. 16, and L. 1869, ch. 779.) We are in complete agreement with the comprehensive statement, in Justice SCHENCK's opinion for the majority of the Appellate Division, of the bases for that court's conclusion that relator is properly taxed as the possessor of special franchises from the State, to run its railroad on the two bridges. Those assessments should be confirmed.

2. As to Van Woert Street, the State Tax Commission had no jurisdiction to levy special franchise assessments against relator by reason of its occupancy of that crossing. It is not now disputed that relator established as fact its " prior occupancy " of that crossing, so there was no special franchise to be taxed. (*People ex rel. N. Y. C. R. R. Co.* v. *Woodbury*, 203 N. Y. 167.) So the referee found. The Appellate Division, however, reversed the referee's annulment of the Van Woert Street assessments, holding that relator, having failed to allege in its petitions for certiorari the particular ground (prior occupancy) of alleged invalidity, was precluded from taking advantage of that ground. We agree that the petitions as to Van Woert Street were defective in that respect but we do not think relator lost any rights thereby, in the circumstances here revealed. Relator's assertion that the Van Woert Street assessments were totally void for lack of jurisdiction could be made at any time. (*People ex rel. Erie R. R. Co.* v. *Tax Comm.*, 246 N. Y. 322.) Furthermore, the Tax Commission by failing,

within the time limited for such an attack, to point out the infirmity of the petitions, lost its rights thereafter to question their sufficiency. Under the practice as it formerly was, the taxing authority, to raise any question as to the sufficiency of a petition for certiorari, had to make a motion to quasn the writ or to dismiss the petition, before filing a return to the writ. (*People ex rel. Gleason* v. *Purdy*, 223 N. Y. 88, 91.) Since 1927, as to special franchise tax assessments, the statute (Tax Law, § 293-a) has permitted objections to the petition to be " raised for the first time at the hearing " before the court or referee, but, to avail itself of this privilege, the Attorney-General must " furnish to the petitioner not less than thirty days prior to the hearing a statement of any objections to be raised to the  *  *  * petition on the hearing ". Since no such preliminary statement was so furnished in this case, the defects in the petition were waived, and the validity of the assessments must be decided, as it was tried, on the merits. The referee's determination of invalidity of the Van Woert assessments must, accordingly, be reinstated, and the assessments annulled.

3. As to the Watervliet Avenue assessments, it is now undisputed that, except as to a small triangular piece of land at that crossing, the relator railroad was a prior occupant, so the Watervliet Avenue assessments, which include values not particularized in the lump sum assessments, for that triangular taxable piece, are incorrect and invalid. In the nomenclature of tax litigation, this particular kind of invalidity of an assessment is styled " overvaluation ". Under the statute (Tax Law, § 290) a petitioner, to contest an overvaluation, must specify in his petition " the extent of such overvaluation ". The petitions here, in their references to Watervliet Avenue, allege " illegality " but do not mention " overvaluation ", or state the extent thereof. No attack on the pleadings on this ground was made before or at the trial and no proof was offered as to what the true value of this special franchise would be were the non-taxable elements omitted from the calculations. The failure of the Commission to question the insufficiency of the petitions resulted in a waiver of the point. (*People ex rel. Gleason* v. *Purdy, supra.*) So much for the petition. As to proof, a relator who claims overvaluation must ordinarily

prove the extent thereof, in dollars. But this rule is not always applicable to special franchise assessments. This court pointed out in *People ex rel. L. I. R. R. Co.* v. *Tax Comrs.*, 231 N. Y. 221, that it is difficult or impossible, in many instances, for a railroad corporation to particularize as to the extent of the overvaluation which lurks in an excessive lump sum special franchise assessment, and that section 46 of the Tax Law makes the general procedural requirements of article 13 of that law (of which section 290 is a part) applicable to the review of special franchise assessments, " so far as practicable " only (see also opinions of the Special Term, 104 Misc. 234, and Appellate Division, 193 App. Div. 297, in that same case). In the case just cited, the difficulty was that the Tax Commission had combined a number of railroad crossings, for assessment purposes, into groups, assigning a certain sum as the value of each group. The courts held that " this gave the relator no information as to how much was assessed for tangible property and how much for the intangible privilege of using the crossings " (231 N. Y. at p. 227). The error made as to this relator's Watervliet Avenue crossing left relator in a similar predicament since relator obviously had no way of knowing what value the Commission had included in that crossing assessment for the small triangular piece of land as to which the railroad company was properly assessable for a special franchise. These Watervliet Avenue assessments must therefore be sent back to the Tax Commission for revision; even though a court might piece together out of the record sufficient data on which to make a correct assessment, the making of such a new assessment is the business of the Commission, not the court. (*People ex rel. City of New York* v. *Keeler*, 237 N. Y. 332, 334.)

4. The other disputed assessments are based on the relator's occupation of Tivoli Street. For some distance the railroad tracks run lengthwise in Tivoli Street. Branching off from those lengthwise main tracks are a number of industrial side tracks running to the street boundaries and thence into the premises of abutting property owners whose use of the railroad's services is thus facilitated. All of those side tracks, or branch tracks, were constructed, as the courts below found, " under franchises duly sold by the city of Albany at public auction, from time to time, and purchased by the several indus-

tries, desiring side track connections with such main line track ''. As further found by the courts below, all these '' franchises '' so purchased from the city of Albany, were, with three exceptions, assigned by the respective purchasers to this relator. The Tivoli Street special franchise assessments here under review include valuations for the three side tracks, or sets of side tracks, not so assigned to relator. This, says relator, makes the Tivoli Street assessments void, since, according to relator, it is not enjoying any special franchise rights as to those three side tracks, the ''franchises '' for which still belong to the abutting owners. However, the findings are that relator, not the three ''franchise '' purchasers, owns the tracks and other physical property making up the three side tracks. It is relator, and not those three abutting owners, which operates trains over those side tracks. (See *Clarke* v. *Blackmar,* 47 N. Y. 150, bottom of page 156.) Relator collects the same fees for switching trains or cars onto those three Tivoli Street side tracks as it does on the other Tivoli Street side tracks where the '' franchises '' have been assigned to relator. Relator repairs and maintains all the side tracks. We conclude that the Tax Commission did not act erroneously in including all these side tracks in the Tivoli Street assessments. However, there is another small error which invalidates those assessments. Included in those assessments, in connection with the side tracks above described, are (unspecified) amounts for side trackage not within the street limits but on the premises of the industrial companies served by the side tracks. This amounts to an over-valuation and over-valuation is not pleaded as to these Tivoli assessments, nor is its extent proven but, under the rules referred to in our discussion above of the Watervliet Avenue assessments, the relator has not by such defective pleading and lack of proof forfeited its right to litigate on the merits the illegality of these assessments, as including nontaxable elements of value. These Tivoli Street assessments, like the Watervliet Avenue assessments, must be sent back to the Tax Commission.

One more contention of the Commission requires discussion. As to the Van Woert, Watervliet and Tivoli assessments, the Tax Commission points out that, as the Appellate Division

found, relator filed with the Commission, pursuant to section 44 of the Tax Law, annual reports in which these three locations were listed as special franchises. The Appellate Division overruled the referee's refusal to find the facts as to such filings and made a new finding that such reports were so filed, but neither referee nor Appellate Division adopted the conclusion of law, requested by the Tax Commission, that, because of the filing of such reports, relator was estopped from asserting in these proceedings the invalidity of the assessments. As to the Van Woert Street assessments, the Commission, as above explained, had no jurisdiction at all so the assessments were totally void; jurisdiction could not be created by relator's mistaken report to the Commission that there existed a special franchise at that crossing. (See *People ex rel. Erie R. R. Co.* v. *Tax Comm., supra,* at pages 325 and 326.) As to Watervliet Avenue and Tivoli Street, we do not see how any question of estoppel could arise. The railroad's reports to the Commission that the railroad had special franchises at those places are not inconsistent with the claim now made that those franchises are overassessed.

The order of the Appellate Division should be modified so as to provide that all the Van Woert Street assessments under review in these proceedings be annulled and that all the Watervliet Avenue and Tivoli Street assessments under review in these proceedings be remitted to the State Tax Commission to make reassessments, otherwise the order should be affirmed, without costs.

The order should be modified in accordance with this opinion and as so modified affirmed, without costs. (See 292 N. Y. 717.)

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and THACHER, JJ., concur.

Ordered accordingly.