■ In the Matter of HERMAN DOUGHTY, Respondent, against WILLIAM H. LOOMIS et al., Constituting the Board of Assessors of the Town of Smithville, Chenango County, Appellants.— Appeal from an order of a Special Term, Supreme Court, Broome County. The petitioner has title to a number of lots bordering on a resort lake. He has agreed with lessees of the lots that they may erect buildings to which they will retain title and which they may remove at the end of the term. Petitioner agreed to pay taxes on the land; the lessees agreed to pay taxes on the buildings. The court at Special Term has made an order directing the Town Assessors to assess the land separately to petitioner and the buildings separately to the respective lessees. To justify such a mandatory order there must be a requirement by the statute compelling the assessors to make such a segregation. No such statutory mandate has been shown by the petitioner and we have not found one. Section 9 of the Tax Law provides that real property shall be assessed according to its condition "and ownership" and the "assessment shall be deemed as against the real property itself, and the property itself shall be holden and liable to sale for any tax levied upon it".

The description of property assessed is good if "sufficiently accurate to identify the parcel or portion". Although assessors are required to set down separately the "value of" the land and improvement (§ 21, subd. 3) review is limited to the "total assessment". Since the assessment is against the land itself, and since the name of the owner is merely one part of identification, the validity of these assessments in which the actual title holder of the land is described as owner is not open to doubt. No requirement of any statute compels the assessors to trace and follow internal arrangements made between lessors and lessees as to who should pay the tax; and it would be an unfair burden to make them do this. Since the statute does not compel the segregation, mandamus should not be granted. Order reversed on the law and the facts and motion denied, with $50 costs to appellants. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.