BUFFALO HEBREW CHRISTIAN MISSION, INC., Appellant, *v.* CITY OF SYRACUSE, Respondent.

Fourth Department, December 11, 1969.

*Ronald W. Pott* for appellant.

*Carl W. Peterson, Jr., Corporation Counsel* (*Eleanor Theodore* of counsel), for respondent.

WITMER, J. Buffalo Hebrew Christian Mission, Inc., instituted this action for judgment declaring that tax liens for the years 1964–1968 upon its property at No. 440 Allen Street, Syracuse are illegal and that plaintiff is entitled to have them vacated and canceled upon the grounds that plaintiff is a religious corporation and that said property was acquired by it in 1963 for use exclusively for religious purposes, that it has been so used during the five years in question, and that it is, therefore, tax exempt under Real Property Tax Law, sections 420 and 462. The defendant, City of Syracuse, interposed the defense that the tax assessment act of the City of Syracuse, as amended by chapter 304 of the Laws of New York of 1923, requires that within 15 days after an assessment becomes final on September 30 of any year, an aggrieved owner may apply to the court for review, and that no other action or proceeding to set aside, vacate or review such tax may be maintained; that the instant action for declaratory judgment has not been brought in accordance with such act and accordingly it is not maintainable.

The case was tried without a jury. At the conclusion of plaintiff's evidence the defendant rested without offering to dispute the facts adduced by the plaintiff — in fact defendant's counsel admitted to the court that plaintiff's evidence correctly presents the facts. Defendant then moved to dismiss the action by reason of plaintiff's failure to pursue his remedy under said tax assessment act of the City of Syracuse. The court granted the motion; and it is from the judgment entered thereon that plaintiff appeals.

The record shows that when plaintiff purchased the subject property in July of 1963 it immediately made application to defendant's Commissioner of Assessments for its tax exemption. The Commissioner denied the application (orally only) upon the ground that plaintiff's local worker, an ordained minister, was not connected with a local church. Although such ground lacks merit in law, it is noted that the evidence shows that many of the local churches co-operated with and contributed to the work and financial support of the plaintiff in the Syracuse area during this period.

Plaintiff's attorney then took up the matter of tax exemption with defendant's Corporation Counsel, but he deferred decision.

Shortly a new Corporation Counsel took office and plaintiff renewed its application with him in the presence of the Commissioner of Assessments, and again decision was deferred. When plaintiff's attorney later called to obtain a decision, the Corporation Counsel stated that he was so busy with urban renewal matters that he was referring this question to his assistant, Mr. Peterson (the present Corporation Counsel), which he did. Plaintiff's attorney and two of its officials from Buffalo then met with Mr. Peterson and the Commissioner of Assessments in connection with the application for tax exemption, and Mr. Peterson said that he would review the matter with his superior and report. He finally reported that the Corporation Counsel did not wish to go contrary to the ruling of the Commissioner of Assessments, and he advised that plaintiff must proceed to court for relief, which it then did. Plaintiff brought, successively, two article 78 proceedings, but by stipulation of the parties each was discontinued *without prejudice*. Plaintiff then instituted this action for declaratory judgment.

In our view the court was in error in sustaining defendant's affirmative defense that plaintiff is limited to the exclusive procedural remedy provided in the afore-mentioned tax assessment act for the City of Syracuse. Section 1 of article XVI of the New York State Constitution provides in part, " Exemptions may be altered or repealed except those exempting real or personal property used exclusively for religious  *  *  *  purposes as defined by law and owned by any corporation or association organized or conducted exclusively for one or more of such purposes and not operating for profit." Tax legislation must be interpreted in the light of such provision. Subdivision 1 of section 420 of the Real Property Tax Law provides in part, " Real property owned by a corporation or association organized exclusively for  *  *  *  religious, bible  *  *  *  missionary  *  *  *  purposes, and used exclusively for carrying out thereupon one or more of such purposes  *  *  *  shall be exempt from taxation as provided in this section." (This exemption, of course, does not apply with respect to special benefits supplied to real property [Real Property Tax Law, § 420, subd. 8; § 490; *People ex rel. New York School for Deaf* v. *Townsend*, 298 N. Y. 645], but such benefits are not alleged to be involved in this case.) Section 462 of the Real Property Tax Law also provides for the exemption of a clergyman's residence furnished by a religious corporation. The evidence in this case clearly brings the property in question within the provisions of both sections (§ 420, subd. 1; § 462).

The tax assessment act of the City of Syracuse (L. 1923, ch. 304) provides in section 1 that the assessors annually '' shall assess in the manner provided by law all real and personal property in said city *not exempt by law from taxation* '' (Emphasis added.) Thus, plaintiff contends that not only is its said real property exempt from taxation under the provisions of the Real Property Tax Law, but that the very statute providing for tax assessments in the City of Syracuse expressly excludes from its operation property used exclusively for religious purposes as is the subject property; and hence plaintiff contends that it was under no duty to proceed under the provisions of that statute for review of these assessments and that it may maintain this action to have the liens declared a nullity and vacated. The case law supports the plaintiff in this contention.

Since the plaintiff is a religious corporation and owns this property and uses it exclusively for religious purposes, it is not subject to taxation and the City of Syracuse has no jurisdiction to levy a tax on it. Hence, the acts of the Commissioner of Assessments, in assessing and levying such taxes are a nullity (*Matter of State Ins. Fund* v. *Boyland*, 282 App. Div. 516, 518–520, affd. 309 N. Y. 1009; *Cooper Union* v. *City of New York*, 272 App. Div. 438, 440–441, affd. 298 N. Y. 578; *Dun & Bradstreet* v. *City of New York*, 276 N. Y. 198, 206; *People ex rel. Erie R.R. Co.* v. *State Tax Comm.*, 246 N. Y. 322; *Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87; *National Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49).

Some of the leading cases on this subject were reviewed by Justice BOTEIN in *Matter of State Ins. Fund* v. *Boyland* (282 App. Div. 516, 519–520, *supra*) as follows:

'' The Court of Appeals [in *People ex rel. Erie R.R. Co.* v. *State Tax Comm.*] (246 N. Y. 322, 325–326) said: ' this court has uniformly held for more than half a century the issue of jurisdiction can be raised at any time * * *. The jurisdiction of the Commission extends only to assessment of something which the law makes assessable. Whether the thing is assessable depends upon facts. * * * The Commission erroneously determined the existence of facts essential to its jurisdiction and, therefore, its acts in assessing property exempt from assessment were void ' (cases cited). * * *

'' Petitioner seeks to review a determination of the basic jurisdictional issue as to whether this property is in fact taxable at all. And repeatedly and uniformly the courts have held that statutes purporting to set up exclusive procedures for reviewing tax assessments do not bar collateral action when the

taxes are levied without jurisdiction. 'When a statute, as in this case, leaves to the assessing officers questions of a jurisdictional character it is well settled that their decision does not preclude parties aggrieved from resorting to judicial remedies. When their authority depends upon the existence of some fact, which they erroneously determine to exist, their acts pursuant to it are void.' (*Elmhurst Fire Co.* v. *City of New York,* 213 N. Y. 87, 91.)

"In *Dun & Bradstreet* v. *City of New York* (276 N. Y. 198, 206) the court said: 'If taxing officers act without jurisdiction, their acts are illegal and void. In such a case, certiorari is not an adequate remedy even if a proper one.' (Cases cited.)"

It is where the assessors have jurisdiction of the property for purposes of assessment that the statutory method provided for review must be pursued and collateral attack by other action will not be permitted (*Oak Hill Country Club* v. *Town of Pittsford,* 264 N. Y. 133; *Sikora Realty Corp.* v. *City of New York,* 262 N. Y. 312; *New York Cent. & Hudson Riv. R.R. Co.* v. *City of Yonkers,* 238 N. Y. 165; and see *Van Voorhis* v. *County of Monroe,* 288 N. Y. 138, where collateral attack was allowed, but for the reason that the property was not within the assessors' district and hence they were without jurisdiction).

Apart from the above law, however, upon the record of this case the defendant is estopped from raising the defense that this tax assessment statute affords plaintiff's exclusive remedy. By the dilatory actions of its officials it caused plaintiff, acting in utmost good faith, to defer taking steps to secure the exemption to which it was entitled, until finally decision was made that exemption would not be allowed except by court order. Even if said tax assessment act were plaintiff's exclusive remedy, under the circumstances of this case this defendant would not now be permitted to defeat plaintiff's claim by such defense (see *Matter of Daley* v. *Greece Cent. School Dist. No. 1,* 21 A D 2d 976, affd. 17 N Y 2d 530; *Triple Cities Constr. Co.* v. *Maryland Cas. Co.,* 4 N Y 2d 443; *Orsell* v. *Board of Educ. of City of Johnstown City School Dist.,* 31 A D 2d 585; *Debes* v. *Monroe County Water Auth.,* 16 A D 2d 381).

It is concluded, therefore, that the taxes for the years 1964 through 1968 on the subject property were illegally levied and the levies are a nullity; that the judgment appealed from should be reversed, plaintiff's motion to dismiss defendant's affirmative defense of the statute of tax assessments of the City of Syracuse should be granted; and that the relief demanded by plaintiff in its complaint, that said tax liens be declared illegal

and void and that they be vacated and canceled, should be granted, with costs to the plaintiff-appellant.

GOLDMAN, P. J., MOULE, BASTOW and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts, with costs, and judgment entered in favor of plaintiff in accordance with opinion by WITMER, J.