William R. Roy, J.
Petitioner in this certiorari proceeding brought under article 7 of the Real Property Tax Law seeks review of the 1975 and 1976 assessments of Property No. 15-941-01900, 449 East Washington Street, Syracuse, New York, and a reduction from each year’s assessment on the ground that certain pieces of telephone equipment assessed by respon *638 dent are not taxable as real property under section 102 (subd 12, par [d]) of the Real Property Tax Law, which describes real property as "Telephone and telegraph lines, wires, poles and appurtenances”. Petitioner’s motion for summary judgment was denied by this court (Stone, J.), and the parties have submitted this matter to the court for a determination upon the pleadings, affidavits, stipulation and submitted memoranda. The stipulation entered into by counsel for each side has framed the following questions: (1) was the action commenced in a timely fashion; and (2) if so, can respondent assess the equipment as real property? This court answers both questions in the affirmative. The facts in this case are gleaned from a report prepared by Ernest O. Tunmann, a professional engineer, at the request of respondent. The telephone equipment in question is a private automatic branch exchange system or a "key system”, consisting of a key service unit, house wiring and key telephone sets. This "key system” is connected to the New York telephone system by a large interface unit owned by New York Telephone and installed on the assessed premises. New York Telephone also has mounted three wall instruments that assist in isolating maintenance problems. The key service unit connects the key telephone sets to the interface unit controlling incoming and outgoing calls to the New York telephone system, as well as interoffice communications. The house wiring consists of multi-pair connectors which connect the key service unit to the telephone sets.
Respondent contends that petitioner is barred from bringing this action because petitioner failed to follow the time limits set up by the Tax Assessment Act of the City of Syracuse (L 1906, ch 75) and subdivision (6) of section 5-401 of the Charter of the City of Syracuse, governing challenges to assessments for the City of Syracuse. Petitioner did not register the grievance within 15 days of the final correction of the assessment rolls provided by the city charter. Petitioner argues that he is not bound to follow these rules, as petitioner is challenging the legality of the assessment, rather than the amount. This court agrees with petitioner that this proceeding was brought in a timely fashion. The cases that petitioner cites clearly support the notion that administrative procedures do not govern in those situations in which the legality of the assessment itself is in question. (Buffalo Hebrew Christian Mission v City of Syracuse, 33 AD2d 152.)
*639 Prior to the lifting of the Federal Communications Commission’s tariff (No. 132) in Carter v American Tel. & Tel. Co. (365 F2d 486, cert den 385 US 1008), granting private persons the opportunity to own telephone equipment, the term "appurtenances” in section 102 (subd 12, par [d]) of the Real Property Tax Law was given a very broad definition by the New York Courts, so broad as to include any piece of phone equipment used to transmit messages, regardless of whether the equipment was on the premises of the owner or on the premises of the lessee of the equipment. (Matter of New York Tel. Co. v Ferris, 257 App Div 415, affd 282 NY 667; Matter of New York Tel. Co. [Canough], 264 App Div 937, affd 290 NY 537.)
When the Federal Communications Commission’s tariff was lifted, however, the definition of "appurtenances” that had been developed was altered. The Fourth Department, and later, the Court of Appeals, in Matter of Crystal v City of Syracuse (47 AD2d 29, affd 38 NY2d 883), determined that portable plug-in telephones (which were taxed to the phone company before the tariff was lifted), privately owned and located on private property, were not assessable as real property under section 102 (subd 12, par [d]) of the Real Property Tax Law. In its affirmance, the Court of Appeals added this caveat (p 885): "it is noted that this court does not have before it a situation in which the owner of the real estate has incorporated as part of the real estate a telephone or telegraph system.”
Petitioner contends that this statement is a mere gratuity. However, when read with the Fourth Department’s Crystal majority opinion, which in its opening sentence limited the case to a discussion of portable, plug-in telephones, it is clear that the Court of Appeals’ caveat is not a gratuity, but rather a restatement of the limitation set out in Justice Simons’ opinion.
The Fourth Department has modified the "appurtenances” concept of section 102 (subd 12, par [d]) by adding to it something that resembles the common-law "fixture” analysis applied to the real property tax area. For example, in distinguishing company-owned telephones from privately-owned telephones, the court states, per Simons, J. (47 AD2d 29, 32, supra): "The privately-owned telephone is removable and may be taken from the premises by its owner. It is not a part of the realty any more than is the occupant’s furniture or appliances.”
*640 This statement is indicative of the emphasis the Crystal majority placed on mobility, which has also been a factor in common-law "fixture” analysis. The Court of Appeals in its affirmance noted that a different result might be reached were a telephone system the focus of the inquiry and had that system been incorporated into the real estate. Recently, the Fourth Department, in Matter of Metropolitan Bank of Syracuse v Department of Assessment of City of Syracuse (57 AD2d 1055), spoke in terms of both "fixtures” and "appurtenances”. In that case a privately-owned camera and alarm system was found to be movable, and also was found not to be appurtenant to the telephone company lines, in that the system used utility lines only to signal the other end of a local alarm system. Combining the Court of Appeals’ decision with the Appellate Division analysis in Crystal and Metropolitan Bank, this court finds that the entire key system in question is subject to assessment as real property under section 102 (subd 12, par [d]) of the Real Property Tax Law. The facts of the instant case are clearly distinguishable from the facts in Crystal. Crystal dealt only with the situation in which all that was assessed was a private plug-in telephone. In the instant case, an entire office system is in question. Therefore, the case at hand more closely resembles what the Court of Appeals envisioned when the caveat was added to the Crystal affirmance. Whether the system in this case has been incorporated into the real estate is a question of fact. The Metropolitan Bank case offered some guidelines in making this factual determination. The alarm systems in Metropolitan Bank were only minimally connected to the utility lines, while in the instant case the phone company had installed a large interface unit and maintenance boxes, in order to facilitate the use of the key system in combination with the New York Telephone lines. These facts serve to distinguish Metropolitan Bank from the instant case, and this leads the court to the conclusion that the system in the instant case is clearly appurtenant to the New York Telephone lines and has been incorporated into the real property by the installation of the key service unit, house wiring unit, and the phone sets, all of which are part of a single unit, as opposed to the separate phone receivers that were the subject of the Crystal case. The system should be treated as a single entity for tax purposes and should be assessed as real property under section 102 (subd 12, par [d]) of the Real Property Tax Law.
*641 Finally, petitioner has presented the court with an affidavit, in which for the first time, it is revealed that Herbert Lees, individually, is not the owner of the phone equipment in question, but, rather, is the land owner of the premises being assessed, while Herbert Lees Associates, Inc., the tenant of the premises, is the actual owner of the equipment. Respondent objects to the consideration in the affidavit on two grounds: the first, is that according to the stipulation, and the pleadings, Herbert Lees, individually, has been the petitioner, and by waiting until this late date, petitioner has waived his right to object on the grounds that respondent has attempted to assess the wrong person. Secondly, respondent contends that according to section 502 of the Real Property Tax Law the assessment unit is the parcel and Herbert Lees, individually, is the owner of the parcel. The court finds merit to this argument of respondent. In the case of Matter of Doughty v Loomis (9 AD2d 574, affd 8 NY2d 722), it was held that the parcel owner is to be taxed on improvements made by the tenant. Said landlord is then able to obtain reimbursement from the tenant. To facilitate this apportionment, the assessed value for the system in question should be separately stated on the assessment roll, to permit proper apportionment of the tax.
Petitioner’s application for the relief requested is in all respects denied.