OPINION OF THE COURT
Marshall E. Livingston, J.
Plaintiffs (Angelone) move for summary judgment declaring that Ordinance No. 79/307 of the Common Council of the City of Rochester, New York, entitled "An Ordinance Authorizing Refund of Unconstitutional Real Property Taxes paid in 1976-1977 and 1977-1978” be declared unconstitutional. The motion also seeks recovery, with interest, of the excess payments of taxes made by them under protest by reason of the 1974-1975, *918 1975-1976, 1976-1977 and 1977-1978 tax levies made by the defendant (City).
The City claims that Ordinance No. 79/307 is constitutional and that it provides for administrative procedure to settle the claims regarding overpayment of taxes.
The City also claims that the Angelones are not entitled to a refund for the years 1974-1975 and 1975-1976 because the statutes under which those taxes were levied have never been declared invalid.
This action was originally commenced by service of a summons and verified complaint upon the City on May 21, 1979. The City requested and was granted an extension of time to answer until July 13, 1979. On June 28, 1979 the Common Council of the City passed Ordinance No. 79/307, which postdated the accrual of the Angelones’ commencement of their cause of action.
The ordinance is a relatively short one, and in these circumstances it is appropriate to set it forth in full as follows:
"an ordinance authorizing refund of unconstitutional REAL PROPERTY TAXES LEVIED IN 1976-77 AND 1977-78
"whereas, the New York Court of Appeals in the case of Waldert v. City of Rochester, 44 N. Y. 2d 752 [sic, should be page 831] (1978), decided that certain real property taxes levied by the City of Rochester for the fiscal year 1976-77 were in excess of the real property tax limit set forth in Article VIII, Section 10 of the New York Constitution, and
"whereas, the Court of Appeals ordered a refund of the unconstitutionally levied taxes to the plaintiff in the above-referenced case, and
"whereas, by the date of the Waldert decision similarly unconstitutional taxes had also been levied for the 1977-78 fiscal year, and
whereas, the City Council hereby determines that the declaration of such taxes as unconstitutional establishes an equitable claim against the City on behalf of all real property taxpayers within the City to a refund of such unconstitutional taxes for the fiscal years 1976-77 and 1977-78,
"now therefore be it ordained, by the Common Council of the City of Rochester as follows:
"§ 1. There shall be included in the capital budget and appropriated for the 1979-80 fiscal year of the City of Rochester an amount sufficient to refund in the manner indicated in *919 Section 2 hereof all real property taxes which were levied for the fiscal years 1976-77 and 1977-78 in excess of the real property tax limit set forth in Article VIII, Section 10 of the New York Constitution.
"§ 2. Such refunds shall be made by crediting against the 1979-80 taxes levied on each parcel of property in the City an amount calculated by applying the combined excess tax rates for the 1976-77 and 1977-78 fiscal years to the taxable assessed value of the parcel on the 1979-80 assessment roll.
"§ 3. Any person who has any complaint regarding the action of the City Council or the implementation thereof in making or failing to make a refund in whole or in part pursuant to this ordinance shall file such complaint, on a form provided by the Corporation Counsel, with the Director of Finance in person or by mail on or before July 31, 1979. The Corporation Counsel shall prepare a complaint form, to be available to the public by July 2, 1979, which shall require that any complaint contain the factual and legal basis for the complaint in sufficient detail to be considered. The Director of Finance, with the advice of the Corporation Counsel where necessary, shall consider and respond to each complaint promptly, and shall have the authority to compromise and settle such complaints, with the concurrence of the Corporation Counsel and the City Manager, provided that any complaint proposed to be compromised and settled is first communicated formally to the City Council. Failure to file a complaint in the manner and time herein required shall constitute a waiver of such complaint.
"§ 4. This ordinance shall take effect immediately.”
The ordinance is set forth as a third affirmative defense in the answer served by the City on July 13, 1979, the date to which the City’s time to appear and answer had been extended. A second affirmative defense, alleging payment by way of a purported credit on the plaintiffs’ 1979-1980 Rochester city and school real estate tax bill of July 4, 1979, has its basis in Ordinance No. 79/307.
Therefore, it was necessary for the Angelones to amend their complaint in which they asserted the unconstitutionality of the new Ordinance No. 79/307, and to which the City served an amended answer.
The ordinance is patently unconstitutional. Attached to plaintiffs’ motion papers and not controverted by the City is the report of the City to the State Bureau of Municipal Affairs *920 on its form. When the special levy city and school tax are totaled, the amount exceeds the permitted 2% taxing limit by more than $50,000,000.
In other words, stripped of the verbiage that characterizes this "capital levy” as a method to "refund to the taxpayers the excess taxes paid by them in 1976-77 and 1977-78” (Ordinance No. 79/307, the City has really "robbed Peter to pay Paul”.
This is succinctly shown in the Angelones’ affidavit wherein it is unrefuted that the total "special levy” under the ordinance on the Angelones’ property is $761.70, whereas the refund which the City concedes is due them for the 1976-1977 and 1977-1978 years is also $761.70.
The City also asserts that the 1974-1975 and 1975-1976 tax overpayments cannot be claimed for refunds because Waldert did not cover those years. However, this was the very point modified and clarified by the Court of Appeals (Waldert v City of Rochester, 44 NY2d 831, 835) when it said: "While we agree with the Appellate Division’s affirmance of the judgments of Special Term declaring chapters 349 and 484 of the Laws of 1976 unconstitutional, we disagree with its conclusion that the plaintiffs in Jones v City School Dist. of Geneva and Waldert v City of Rochester are not entitled to repayment of the taxes paid in excess of the tax limitation provided in the Constitution. Although in Hurd * * * plaintiffs’ award was limited to prospective relief because of their reliance upon the invalidated legislation in preparation of their budgets, the same rationale can no longer be applicable today. In view of Hurd * * * local subdivisions were put on notice that patent circumvention of constitutional limitations on their taxing powers would not be tolerated. Similarly, we believe that the plaintiff in Bethlehem Steel Corp. v Board of Educ. is entitled to establish its rights to repayment of real property taxes paid in excess of the constitutional limitation if such taxes were paid under appropriate protest.” (Italics supplied.) Hurd v City of Buffalo (34 NY2d 628) thus put Rochester on notice that its levies in 1974-1975 and 1975-1976 were illegal even though Waldert had not yet been decided.
The Angelones paid their 1974-1975 and 1975-1976 taxes under protest, as indicated on the copies of checks submitted in the papers.
The Court of Appeals accorded refunds in the Waldert case *921 without the necessity of any review by the Common Council, and there is no justification for such a procedure here.
Plaintiffs are awarded judgment for the excess levies made by the City as follows:
1974-1975 $ 268.99
1975- 1976 337.20
1976- 1977 378.99
1977- 1978 382.01
$1,367.19 together with interest thereon.
There shall also be a declaratory judgment entered that Ordinance No. 79/307 of the Rochester, New York, Common Council entitled "An Ordinance Authorizing Refund of Unconstitutional Real Property Taxes Levied in 1976-77 and 1977-78” be declared unconstitutional, together with the costs and disbursements of this action.