OPINION OF THE COURT
Irving A. Green, J.
Petitioner Village of Highland Falls has commenced a CPLR article 78 proceeding seeking to vacate the imposition of real estate taxes for the tax year 1978-1979 levied by the Town of Highlands and officials of the town upon an approximately five-acre parcel of property located in the Village of Highland Falls.
*131 The first issue which must be addressed by the court is whether or not the petitioner has obtained personal jurisdiction over the respondent town. Service of the petition and supporting papers was effected by personally serving one Jonathan Kopald, Esq. Service in this manner was made pursuant to an order to show cause issued by a Justice of the Supreme Court. The order to show cause recites that Mr. Kopald was the Town Attorney. Mr. Kopald affirms to the court that he is not the Town Attorney although he has been retained by the town to represent the town on certain matters. Mr. Kopald represents the town on this proceeding. In addition to service on Mr. Kopald, the petitioner also served the petition and order to show cause personally on both Ellsworth Conley, Assessor of Taxes for the Town of Highlands, and Henry G. Parry, Jr., a member of the Town Board of the respondent Town of Highlands. The proof of service submitted with the petition avers service was made on Ellsworth Conley and Henry G. Parry, Jr., on March 13,1981. The original return date for the petition was March 23,1981. It is not denied that these individuals on whom process was served are not, in fact, officers of the town. Whereas personal service upon a town may be obtained by service on the supervisor or clerk (CPLR 311, subd 5), an article 78 proceeding may be commenced by order to show cause (CPLR 7804, subd [c]) and notice shall be given in the manner specified by the court (CPLR 2214, subd [d]).
The court finds that personal service has been effected over the respondent Town of Highlands. The court is satisfied that more than minimal due process requirements of notice and opportunity' to defend have been afforded the respondent town in the manner of service effected herein (see 110 Manno Realty Corp. v Town of Huntington, 61 Misc 2d 702).
On March 17,1975, judgment of the Supreme Court was granted entitling petitioner village to take and hold by condemnation procedure for public use the five-acre parcel upon which the disputed real estate taxes have been levied. On October 1, 1974, the board of trustees of the petitioner village had adopted a resolution, to acquire the five acres for park purposes. On July 20, 1978, an order of the *132 Supreme Court was rendered concerning the five-acre parcel. This order, entered on July 24, 1978, granted the application of a mortgagee of the condemned property to vacate the final order of condemnation and also set aside and vacated the deed for the five-acre parcel given to the petitioner village and directed the Orange County Clerk to mark his records accordingly. On September 24, 1979, the Appellate Division reversed the July 24, 1978 order of the court rendered at Special Term and denied the mortgagee’s motion to vacate the final order of condemnation and vacatur of the deed to the village. However, subsequent to the order of Special Term vacating the deed but prior to the deed’s reinstatement by the Appellate Division, the assessor of the respondent town placed the five-acre parcel on the tax rolls and taxes were assessed for the tax year September 1, 1978 to August 31, 1979. It appears to be admitted by the County of Orange in its answer that the taxes were not paid and as a result the collector of taxes and the Town of Highlands returned said taxes to the County of Orange and the Commissioner of Finance, pursuant to procedure set forth in statute, caused the property to be advertised for sale, which sale was to have occurred on March 18, 1981. The order to show cause which commenced this proceeding contained a stay of such sale pending the hearing of the instant application.
This petition is brought by the Village of Highland Falls, the undisputed owner in fee of the five-acre parcel upon which the taxes were levied, to annul and cancel the real estate taxes. Petitioner further seeks that it be granted an exemption from real estate taxes, which application for said exemption petitioner contends has been wrongfully denied by the respondents.
The respondent town contends, among other things, that when the Supreme Court rendered its order vacating the deed of the property to the petitioner village, the ownership of the premises apparently reverted to the prior individual owners from whom the village acquired the property in condemnation, and that apparent ownership of th^ parcel by individuals was thus the status of the title to the property on the taxable status date for assessment for the year 1978-1979. Respondent contends that the failure *133 of the petitioner or anyone on petitioner’s behalf to have filed a written grievance within the statutory time provided in article 7 of the Real Property Tax Law contesting the assessment is fatal to this petition to annul the taxes levied. Respondent further contends that this petition, whether treated as an article 78 proceeding or a declaratory judgment action, has been brought without the four-month period of the Statute of Limitations provided by CPLR 217 (see Solnick v Whalen, 49 NY2d 224, 229-230). It is respondent’s contention that the Statute of Limitations provided in CPLR 217 commenced from the time the properties were placed upon the tax rolls, which occurred on or before May 1, 1979. This petition was commenced during March of 1981.
The order of the Appellate Division which reversed the erroneous order of the Supreme Court at Special Term is to be regarded as dating back to the time of the entry of the order or judgment appealed from (Stigwood Organisation v Devon Co., 91 Misc 2d 723; CPLR 5522). The respondent cannot rely upon a theory that title to the parcel was not at any time held by petitioner as far as relevant to the assessment contested herein. The order of the court at Special Term, having been voided, in no way affected petitioner’s title and title was thus always in petitioner (McCracken v Flanagan, 141 NY 174, 178).
The assessment of property for which mandatory exemption is provided by statute, if the statute’s exemption provisions are met, raises a jurisdictional issue so that although petitioner would be, because of the passage of time, precluded from reviewing the assessment under article 7 of the Real Property Tax Law (Real Property Tax Law, § 702), review would still be available in a declaratory judgment action or under CPLR article 78 (Matter of Glickenhaus Foundation v Board of Assessors of Town of Wawarsing, 40 AD2d 1059).
But this court is presented with an issue not squarely presented in Glickenhaus (supra) as to the effect of the Statute of Limitations provided for article 78 proceedings or declaratory judgment actions.
In support of its affirmative defense that the application of petitioner is time barred, the respondent town cites *134 Press v County of Monroe (50 NY2d 695). In that case taxpayers alleged that the assessment rolls of a sewer district as offered and adopted by a county legislature were invalid on the ground that the underlying rate schedule was unconstitutional because of inequality of assessment and the taxpayers sought a declaration that the assessment rolls were void. The court, applying the doctrine previously enunicated by it in Solnick (supra) held the taxpayers were limited to the shorter Statute of Limitations statutorily provided for article 78 proceedings whether the application was denominated as a CPLR article 78 proceeding or as a declaratory judgment action, provided an article 78 proceeding would have been properly available as an alternate procedure to a declaratory judgment action. The rule as fully stated is: “In order to determine therefore whether there is in fact a limitation prescribed by law for a particular declaratory judgment action it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought *** If that examination reveals that the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action. In that event there is a limitation specifically prescribed by law and the catchall provision of CPLR 213 (subd 1) is not applicable. If the period for invoking the other procedural vehicle for relief has expired before the institution of the action for declaratory relief, the latter action also is barred.” (Solnick v Whalen, supra, pp 229-230.)
The applicability of the shorter Statute of Limitations to a contest of the validity of an assessment based upon allegations of inequality of assessment was upheld by the Court of Appeals in Press v County of Monroe (supra), upon public policy considerations, namely, that as municipal governments (or a unit thereof) are dependent for operating funds on the collection of taxes and assessments and in turn such collection depends on the apportionment of the lump-sum revenue required among the many taxpayers, *135 considerations of fairness and practicality dictate that the necessary allocation of tax burden be concluded speedily and to defer taxpayers’ challenges for a period of several years would be to expose the fiscal planning of the municipality to the risks of unacceptable retroactive disruption. Nevertheless, the granting of exemptions to certain classes of property by the Legislature is an expression of a public policy in this State.
There is a long line of authority which holds that when assessing officers act outside their jurisdiction, their acts are a nullity, the assessments void, and the taxes invalid (Buffalo Hebrew Christian Mission v City of Syracuse, 33 AD2d 152, 155); and it has been held that the issue of lack of jurisdiction may be raised at any time (People ex rel. Erie R.R. Co. v State Tax Comm., 246 NY 322, 325, 326), unlike an attack based on the illegality of assessment based upon claim of inequality or over valuation which is subject to the Statute of Limitations provided for proceedings taken under CPLR article 78 (Solnick v Whalen, supra).
If the property otherwise qualifies for the exemption, it is therefore of a genre of cases which would not be time barred under Solnick v Whalen (supra). The public policy considerations expanded upon in Press v County of Monroe (supra) give way when balanced against the public policy considerations underlying the exemptions and the inherent unjustness and illegality in permitting the assessment and taxation of property that, as far as the assessing officer is concerned, does not even exist (Elmhurst Fire Co. v City of New York, 213 NY 87, 90).
The court is satisfied that upon the proof submitted the subject parcel of property was acquired for public purposes and is therefore exempt from assessment and taxation (Real Property Tax Law, § 406, subd 1).
Accordingly, all taxes assessed and levied by respondents upon the property owned by petitioner being the premises conveyed to petitioner in a deed recorded in the office of the Clerk of the County of Orange on May 16,1977 in Liber 2067 of Deeds at page 193, are hereby canceled and the property is stricken from the assessment rolls of *136 the respondents. Respondents are stayed from selling the property for such taxes as are hereby canceled.
The rights of respondents as among and between themselves to charge back taxes shall be as provided by law in accordance with the judgment of this court to be entered herein.