■ WORLD PLAN EXECUTIVE COUNCIL-UNITED STATES, Respondent, v TOWN OF FALLSBURG et al., Appellants, and RUSK, RUSK, PLUNKET & WALDIN, Respondent. — Appeals from an order of the Supreme Court at Special Term (Kahn, J.), entered August 5, 1982 in Sullivan County, which denied defendants Town of Fallsburg's and County of Sullivan's motion for summary judgment. Plaintiff owns real property located in the Town of Fallsburg in Sullivan County and claimed exemption from taxation pursuant to section 421 (subd 1, par [a]) of the Real Property Tax Law. The property was nevertheless assessed for the tax years from May 1, 1976 to May 1, 1977 and from May 1, 1977 to May 1, 1978. Plaintiff commenced a proceeding to review the assessment for the second year pursuant to article 7 of the Real Property Tax Law and it was found to qualify for the total exemption claimed. The judgment, issued October 6, 1981, declared the property exempt from June 1, 1977 to the date of judgment. In July, 1981, plaintiff was informed by the Treasurer of Sullivan County that the property was about to be sold to satisfy the unpaid taxes for the tax year from May 1, 1976 to May 1, 1977. Plaintiff paid the assessment under protest and commenced the instant action seeking to recover the taxes allegedly invalidly levied on the ground that the property was tax exempt. Defendants moved to dismiss the complaint and for summary judgment claiming the action was barred by the Statute of Limitations. Special Term denied the motion and this appeal ensued. More specifically, defendants Sullivan County and Town of Fallsburg maintain that the instant action was untimely commenced since it fails to satisfy either the 30-day Statute of Limitations provided in article 7 of the Real Property Tax Law or the four-month Statute of Limitations which applies to an article 78 proceeding. Concededly, the action was not commenced within those time limitations. An article 7 proceeding provides an exclusive mechanism for judicial review of assessments of real property unless otherwise provided by law (*City of Mount Vernon v State Bd. of Equalization & Assessment,* 44 NY2d 960). An examination of the instant complaint clearly demonstrates that this action is neither

an assessment review proceeding nor an article 78 proceeding against a body or officer but rather one to recover for moneys had and received. Plaintiff alleges and argues that since the property is exempt from taxation by statute the levies were invalid and plaintiff is entitled to recover the taxes paid. To determine the applicable Statute of Limitations courts have looked not only to the remedy sought, but also to the "reality" or the "essence" of the particular theory of liability on which the plaintiff relied (see *Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389). Consequently, on this record we are of the opinion that the six-year Statute of Limitations applies and Special Term properly denied the motion for summary judgment (*Matter of First Nat. City Bank v City of New York Fin. Admin.*, 36 NY2d 87, 92). We have examined the authorities relied upon by defendants and find that they are clearly distinguishable. There should be an affirmance. Order affirmed, with one bill of costs to respondents. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.