■ WORLD PLAN EXECUTIVE COUNCIL-UNITED STATES, Respondent-Appellant, v TOWN OF FALLSBURG et al., Appellants, and RUSK, RUSK, PLUNKET & WADLIN, Respondent. — Cross appeals (1) from an order of the Supreme Court at Special Term (Kahn, J.), entered April 2, 1984 in Sullivan County, which, *inter alia,* granted plaintiff's motion for summary judgment against defendants Town of Fallsburg and County of Sullivan on the first and second causes of action, and (2) from the judgment entered thereon.

The relevant facts of this case are not in dispute and may be found in this court's opinion when the case was previously before us (92 AD2d 1047). On that prior appeal, defendants Town of Fallsburg and County of Sullivan were appealing from an order

of Special Term which denied their motion for summary judgment. This court affirmed Special Term, holding that plaintiff's action was a timely action for money had and received. A motion for leave to appeal to the Court of Appeals was dismissed upon the ground that the order sought to be appealed from was not a final order (59 NY2d 968).

Plaintiff then moved for summary judgment at Special Term or, in the alternative, for renewal and/or reargument of the original motion of defendants county and town "to the extent of searching the record on behalf of plaintiff and upon such renewal and/or reargument and search of the record granting plaintiff summary judgment". Defendants did not oppose this motion. Special Term thereafter granted summary judgment to plaintiff on its first and second causes of action against defendants county and town and dismissed the third and fourth causes of action against defendant Rusk, Rusk, Plunket & Wadlin. Defendants county and town appeal from the order and judgment granting summary judgment, and plaintiff appeals from the order and judgment to the extent Special Term dismissed the third and fourth causes of action against defendant Rusk, Rusk, Plunket & Wadlin.

Turning first to the appeal of defendants county and town, we note that since these defendants did not oppose the granting of summary judgment, and in fact consented to such relief, they are not aggrieved parties within the meaning of CPLR 5511. Accordingly, their appeal must be dismissed (cf. *Nemia v Nemia*, 63 NY2d 855).

Even if we were to reach the merits, we would affirm. Defendant county asserts that it is only challenging the timeliness of plaintiff's action. The issue of timeliness, however, has already been determined by this court in *World Plan Executive Council-United States v Town of Fallsburg* (*supra*), where we found that a six-year Statute of Limitations applied and held that the instant action was timely commenced as an action to recover for moneys had and received. Indeed, we note that the parties have submitted nearly verbatim copies of their prior briefs.

Defendants county and town also contend on this appeal that plaintiff did not pay taxes to redeem its property, but rather paid a statutory purchase price which was not taxes. The difference in terminology has no effect on our prior decision. The action is one for moneys had and received; whether the money paid is termed taxes or a statutory purchase price does not affect either the merits or the timeliness of the action.

We now turn to plaintiff's appeal. In this regard, upon granting plaintiff summary judgment against defendants county and

town on its first and second causes of action, Special Term found that "upon the granting thereof, it is apparent that the third and fourth causes of action against the defendant, Rusk, Rusk, Plunket & Wadlin, must also be dismissed". Upon oral argument, plaintiff conceded that these causes of action should be dismissed so long as this court does not otherwise reverse Special Term.* Accordingly, the order, insofar as appealed from by plaintiff, must be affirmed.

Appeal by defendants County of Sullivan and Town of Fallsburg dismissed, without costs.

Order and judgment, insofar as appealed from by plaintiff, affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.

---

* We note, as Special Term recognized, that the instant result may well have been different if the first and second causes of action had been dismissed.