OPINION OF THE COURT
Nicholas Colabella, J.
In an action for declaratory judgment, plaintiffs move for summary judgment declaring tax assessments for the years 1980 to 1984 void for lack of jurisdiction.
The power to assess property for taxes is wholly statutory (National Bank v City of Elmira, 53 NY 49). An assessment made without jurisdiction is void (Niagara Mohawk Power Corp. v City School Dist., 59 NY2d 262, 269; Whitney v Thomas, 23 NY 281) and, if an assessor’s jurisdiction to act depends upon the existence of a fact which he erroneously assumes to exist, his act is void and it may be attacked *812 collaterally (National Bank v City of Elmira, supra; Dun & Bradstreet v City of New York, 276 NY 198; Matter of Town of Brookhaven, 78 Misc 2d 499, 505).
In this case, plaintiffs contend that the assessment of their property was jurisdictionally defective because the assessment included a parcel taken from them through condemnation proceedings by the tax-exempt Metropolitan Transportation Authority (MTA). In their opposing papers, defendants contest neither the error in the assessment nor the tax-exempt status of the MTA’s property. They counter, however, that plaintiffs lack standing to raise a jurisdictional challenge on the MTA’s behalf since no part of the tax was allocated against that property per se. To the extent the inclusion of the MTA property resulted in an apparent overevaluation of plaintiffs’ remaining property, defendants analogize the situation to where a taxpayer claims a partial exemption. In such circumstances, since the assessment would not be wholly invalid, the taxpayer’s exclusive remedy is to commence a tax certiorari proceeding pursuant to RPTL article 7 (see, Cablevision Sys. Dev. Co. v Board of Assessors, 49 NY2d 866; Stabile v Half Hollow Hills Cent. School Dist., 83 AD2d 945).
Defendants’ analysis is flawed, however, in that the only reason for treating the within complaint as raising a partial exemption claim is the misdescription in the assessment roll of plaintiffs’ property and the MTA’s property as one taxable parcel. Instead, the properties should have been identified as two separately assessed parcels (RPTL 502 [2]; Matter of Doughty v Loomis, 9 AD2d 574, affd 8 NY2d 722) — one taxable, one exempt (RPTL 502 [5]). In that event, it would have been apparent that the assessors lacked any jurisdiction over the MTA property and jurisdiction over plaintiffs’ remaining property would have been limited to its proper boundaries. It follows, therefore, that, if a correct description of the properties would have divested the assessors of jurisdiction to assess the MTA property against plaintiffs’ property, jurisdiction to achieve that end may not be acquired under a mistake of fact that the two parcels were assessable as one. Jurisdiction depended upon the facts as they were, not as they were assumed to be (Elmhurst Fire Co. v City of New York, 213 NY 87, 90). Accordingly, the insufficient description in the assessment roll here constituted a jurisdictional defect (see, National Bank v City of Elmira, supra; Whitney v Thomas, supra; Buffalo & State Line R. R. Co. v Board of Supervisors, 48 NY *813 93; Dinos v Gazza, 76 AD2d 853; New York & Brooklyn Suburban Inv. Co. v Leeds, 100 Misc 2d 1079, 1088; Slud v Guild Props., 6 Misc 2d 188, affd 280 App Div 1018; cf., Kiamesha Dev. Corp. v Guild Props., 4 NY2d 378, 387).
Alternatively, defendants maintain that plaintiffs’ claim should be barred as untimely since it could have been brought within a CPLR article 78 proceeding, to which a four-month limitations period applies.
In order to determine the limitations period applicable to a declaratory judgment action, it is necessary to identify the relationship out of which the claim arises and the relief sought (Press v County of Monroe, 50 NY2d 695; Solnick v Whalen, 49 NY2d 224). "If that examination reveals that the rights of the parties sought to be stabilized in the action for declaratory judgment are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory action” (supra, at 229-230).
Here, although the claim of lack of jurisdiction raises an issue cognizable under CPLR 7803 (3) as to whether the assessments were made "in violation of lawful procedure [or] affected by an error of law”,[1] the foregoing is simply the basis for the principal relief sought by plaintiffs, to wit, a refund of taxes paid under protest. In similar circumstances, Matter of Scarborough School Corp. v Assessors of Town of Ossining (97 AD2d 476, lv dismissed 61 NY2d 902) and World Plan Executive Council v Town of Fallsburg (92 AD2d 1047, lv dismissed 59 NY2d 968) held that the plaintiffs raised a primary claim for moneys had and received to which a six-year limitations period applied. As such, it was appropriately dealt with within a plenary action, not as an incident to an article 78 proceeding (see generally, 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7806.01).
On constraint of the above authority, the within action is hereby converted into an action for moneys had and received pursuant to CPLR 103 (c). Accordingly, plaintiff’s cause of *814 action is timely.[2] The cause of action accrued upon payment of the first allegedly unlawful tax on or about April 7, 1980, and the action to recover same was interposed when the summons and complaint were served (Matter of Scarborough School Corp. v Assessors of Town of Ossining, supra, at 477; Matter of First Natl. City Bank v City of New York Fin. Admin., 36 NY2d 87, 93-94) within the six-year limitation period.
Defendants also contend that plaintiffs’ claim should be disallowed for failure to exhaust administrative remedies. Resort to administrative relief, however, is not required where the claim is that an agency or governmental body acted in excess of its jurisdiction (Niagara Mohawk Power Corp. v City School Dist., supra, at 269; Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52; Matter of Lees v City of Syracuse, Dept. of Assessment, 91 Misc 2d 637, 638; cf., Matter of First Natl. City Bank v City of New York Fin. Admin., supra).
Finally, defendants maintain that the taxes were not paid "under protest” in that plaintiffs did not file such notice with the Board of Assessment review prior to 1984. Notwithstanding that, plaintiffs did give the requisite notice of protest on the checks written to pay the tax assessments (see, e.g., City of Buffalo v Wysocki, 112 Misc 2d 543, 551; Angelone v City of Rochester, 100 Misc 2d 917, affd 72 AD2d 445, affd 52 NY2d 982; see generally, City of Rochester v Chiarella, 58 NY2d 316; Neuner v Newburgh City School Dist., 92 AD2d 888).
Plaintiffs’ motion for summary judgment is granted to the extent herein indicated. No issues of fact remain. The respective rights of plaintiffs to interest and defendants to charge back taxes shall be as provided by law. Submit judgment, on notice, in accordance with this decision.

. Authority as to whether a void assessment may always be raised in a CPLR article 78 proceeding, however, is divergent (cf., Stabile v Half Hollow Hills Cent. School Dist., 83 AD2d 945, 946, with Matter of Troy Towers Redevelopment Co. v City of Troy, 51 AD2d 173, 174-175, affd on opn below 41 NY2d 816, and Erie County Water Auth. v County of Erie, 47 AD2d 17).

. Since the within matter is otherwise timely, the court does not reach the issue of whether, barring specific legislative restriction (e.g., RPTL 1020 [3]; 1136 [7]), the claim of lack of jurisdiction may constitute an exception to the normal limitations period as suggested in other precedent (People ex rel. New York Cent. R. R. Co. v State Tax Commn., 292 NY 130, 134; Erie County Water Auth. v County of Erie, 47 AD2d 17, 18; Buffalo Hebrew Christian Mission v City of Syracuse, 33 AD2d 152, 155; Matter of Village of Highland Falls v Town of Highlands, 110 Misc 2d 130, 135).