■ STACY GLICKMAN et al., Plaintiffs, v SHERIF F. SAMI, Defendant and Third-Party Plaintiff. IRWIN COHEN, Third-Party Defendant and Fourth-Party Plaintiff-Appellant; MANSON PHARMACY, Fourth-Party Defendant-Respondent.—In an action to recover damages for medical malpractice, the third-party defendant and fourth-party plaintiff appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated October 1, 1987, which granted the motion of the fourth-party defendant to dismiss the fourth-party complaint pursuant to CPLR 3211 (a) (7).

Ordered that the appeal is held in abeyance and the matter is remitted to the Supreme Court, Queens County, for clarification as to whether the order under review was granted on default. The Supreme Court shall file its report with all convenient speed.

It is appropriate for an appellate court to inquire into the appealability of the order under review, even where the respondent on the appeal has not specifically requested that the appeal be dismissed *(see, Leeds v Leeds,* 60 NY2d 641; *Lincoln v Austic,* 60 AD2d 487; 1 Newman, New York Appellate Practice § 3.01 [1]). The order under review in the present case is dated October 1, 1987, and was therefore apparently decided before the submission of the appellant's affidavit in opposition, which is dated October 2, 1987. The appellant, in his reply brief, concedes that the respondent's motion was decided one day before the opposition papers had been filed. However, the order also contains certain indications that an affidavit in opposition to the respondent's motion may have been considered. It is thus unclear whether the order under review was granted on default, in which case it is not appealable *(see,* CPLR 5511; *World Plan Executive Council v Town of Fallsburg,* 105 AD2d 1049; *Manhattan 30 Corp. v Nassau County,* 100 AD2d 576; *Lewis v Bendet,* 81 AD2d 856; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5511.10; 1 Newman, New York Appellate Practice § 3.08 [1]). It is therefore necessary to remit the matter to the Supreme Court for a clarification of its order in this respect. If the order was, as it appears to have been, granted by the Supreme Court without opposition, then the remedy of any party aggrieved thereby is to make the appropriate motion in the Supreme Court *(see,* CPLR 5501 [a]) rather than to take an appeal.

We take this opportunity to encourage courts of original instance to express, in their orders, whether any relief requested by the movant has been granted without opposition, since such a recitation is often critical to any determination by this court of the appealability of an order. We also take this opportunity to encourage courts of original instance to comply with the terms of CPLR 2219 by including, in their orders, an accurate statement as to the date that the order was signed, and an accurate recitation of the papers upon which the order was made. The latter requirement is particularly important, because it assists this court in defining the scope of the record on appeal. Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.