■ In the Matter of LINDA K., a Child Alleged to be Abused. LESLIE K., Respondent. JANETTE S., Appellant.—In a proceeding pursuant to Family Court Act article 10, nonparty Janette S. appeals from an order of the Family Court, Rockland County (Stanger, J.), dated November 17, 1987, which, *inter alia,* imposed certain sanctions based on her alleged contempt of a prior court order.

Ordered that the appeal is dismissed, without costs or disbursements.

"It is appropriate for an appellate court to inquire into the appealability of the order under review, even where the respondent on the appeal has not specifically requested that the appeal be dismissed" *(Glickman v Sami,* 146 AD2d 671, citing *Leeds v Leeds,* 60 NY2d 641; *Lincoln v Austic,* 60 AD2d 487; 1 Newman, New York Appellate Practice § 3.01 [1]). In the present case, we have examined the record on appeal, and there does not appear to have been any opposition by the appellant to the motion which resulted in the order appealed from. Accordingly, the appeal must be dismissed *(see,* CPLR 5511; *People v Robbins,* 277 App Div 1087 [order imposing fine as punishment for contempt of prior order not appealable where alleged contemnor did not oppose motion]; *see also, Tongue v Tongue,* 97 AD2d 638, *affd* 61 NY2d 809; *Furci v Furci,* 45 AD2d 1003; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5511.10; 10 Carmody-Wait 2d, NY Prac § 70:25; 1 Newman, New York Appellate Practice § 3.08 [1]). The proper procedure by which to challenge an order entered on default is a motion to vacate the order. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.