■ In the Matter of NEW JERSEY TRANSIT RAIL OPERATIONS, a Division of NEW JERSEY TRANSIT CORPORATION, Appellant, v COUNTY OF ROCKLAND et al., Respondents.—In a proceeding

pursuant to CPLR article 78, *inter alia,* to remove clouds on the petitioner's title to certain parcels of real property resulting from the improper assessment of real property taxes and the filing of tax lien certificates on the subject property, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Lange, J.), dated January 30, 1989, as dismissed the amended verified petition as time barred insofar as asserted against the respondents Town of Orangetown, Josette Polzella, Pearl River Union Free School District, South Orangetown Central School District, Nanuet Union Free School District, Ramapo Central School District, and Nyack Union Free School District.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents-respondents Town of Orangetown, Polzella, and Ramapo Central School District, the proceeding is converted to a plenary action to remove clouds on title, with the amended verified petition deemed the complaint, and the verified answers previously served deemed the answers thereto; the motion of the respondents Town of Orangetown and Josette Polzella to dismiss the petition as time barred is denied, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.

The petitioner New Jersey Transit Rail Operations (hereinafter NJTRO) commenced this proceeding to obtain relief from the respondents' imposition of tax assessments upon certain parcels of property owned by NJTRO and allegedly operated by it for passenger rail service pursuant to joint service agreements with the Metropolitan Transportation Authority and Metro-North Commuter Railroad. NJTRO claimed that its property is entitled to tax-exempt status by virtue of Public Authorities Law § 1275 and that the respondents therefore had no jurisdiction to tax the property. Relying upon the decision in *Solnick v Whalen* (49 NY2d 224), the Supreme Court dismissed the proceeding as time barred under the four-month Statute of Limitations set forth in CPLR 217, reasoning that this limitations period was applicable regardless of whether NJTRO's claims were framed in a CPLR article 78 proceeding or a declaratory judgment action *(see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193; *Press v County of Monroe,* 50 NY2d 695; *Solnick v Whalen, supra).* We now reverse.

A reading of the amended verified petition in this case clearly demonstrates that, despite having cast this matter as a

CPLR article 78 proceeding, NJTRO seeks the removal of real property tax assessments and tax lien certificates from its properties. Accordingly, NJTRO's primary claim is in the nature of a plenary action to remove clouds upon its title, not a CPLR article 78 proceeding (see, e.g., Matter of Scarborough School Corp. v Assessor of Town of Ossining, 97 AD2d 476; World Plan Executive Council-U.S. v Town of Fallsburg, 92 AD2d 1047). Inasmuch as a proper form of action was available, the Supreme Court should have converted the special proceeding to an action to remove clouds on title (see, CPLR 103 [c]).

Moreover, the respondents' reliance upon Solnick v Whalen, (supra) is misplaced. That decision stands for the general proposition that where a party commences a declaratory judgment action but the underlying issues could have been resolved in a form of action or proceeding for which a specific statutory limitations period is provided, that specific limitations period rather than the six-year, catch-all period of CPLR 213 will govern the declaratory judgment action. However, neither Solnick v Whalen (supra) nor its progeny concerned a property owner's challenge to the jurisdiction of a taxing authority to impose a tax assessment upon a particular parcel of realty. It is firmly established that taxes imposed without jurisdiction are null and void, and the property owner may raise the claim of lack of jurisdiction at any time (see, People ex rel. New York Cent. R. R. Co. v State Tax Commn., 292 NY 130; People ex rel. Erie R. R. Co. v State Tax Commn., 246 NY 322; Erie County Water Auth. v County of Erie, 47 AD2d 17; Buffalo Hebrew Christian Mission v City of Syracuse, 33 AD2d 152). We further note that strong policy considerations expressed by the Legislature in the text of Public Authorities Law § 1275, as well as the purpose of the statute itself, militate against the Supreme Court's dismissal of the proceeding (see, e.g., Matter of Village of Highland Falls v Town of Highlands, 110 Misc 2d 130).

We have considered the remaining contentions raised by the respondents and find them to be without merit.

Accordingly, the instant proceeding is converted to an action to remove clouds on title and the matter is remitted to the Supreme Court for a determination of the merits. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.